COOPER *v.* WRIGHT.

(*Jackson.*   April Term, 1903.)

1. **LIFE INSURANCE.** Wills. Husband may, by will, dispose
   of policy payable to his executors, administrators or assigns.
   Notwithstanding our statutes, which provide that insurance on a
   husband's life shall inure to the benefit of his widow and chil-
   dren or next of kin, to be divided according to the law of dis-
   tributions, free from the claims of his creditors, a husband may,
   after taking out a policy on his own life, payable to his execu-
   tors, administrators or assigns, dispose of the same by will,
   though if it be made payable to his legal heirs or any other
   person than his executors, administrators, or assigns, it would
   not be subject to such disposition.   (*Post, pp.* 216-217.)

   Code cited and construed:  Secs. 4030 and 4231 (S.).

   Cases cited and approved: Williams v. Corson, 2 Tenn. Ch., 269;
   Williams v. Carson, 9 Baxter, 516; Gosling v. Caldwell, 1 Lea,
   455; Life Asso. v. Winn, 96 Tenn., 226; Handwerker v. Dier-
   meyer, 96 Tenn., 624; Weil v. Trafford, 3 Tenn. Ch., 108.

2. **SAME. SAME.** Will that deprives widow and children or
   next of kin of life insurance must use apt words and not
   general terms.
   The proceeds of an insurance policy on a husband's life, made
   payable on his death to his executors, administrators, or assigns,
   does not become subject to the claims of creditors under his
   will, by which he merely directs the prompt payment of all his
   debts, and provides that after such debts are paid, all the re-
   mainder of his property shall go to his wife, but which fails,
   in any manner by apt words or otherwise, to refer to any policy
   of insurance on his life.  In order to deprive the widow and
   children or next of kin of the proceeds of such policy, and give

Cooper v. Wright.

the same to creditors, apt words must be used for that purpose, and the use of general terms is not sufficient. (*Post, pp.* 217-221.)

Cases cited and approved: Harvey v. Harrison, 89 Tenn., 470, 476, 477; Rose v. Wortham, 95 Tenn., 506.

Cases cited, approved and distinguished: Weil v. Trafford, 3 Tenn. Ch., 108; Union Trust Co. v. Cox, 108 Tenn., 316.

FROM SHELBY.

Appeal from Chancery Court of Shelby County.—F. H. HEISKELL, Chancellor.

TIM E. COOPER, for complainant.

TURLEY & TURLEY, THOMAS M. SCRUGGS and CARUTHERS EWING, for defendant.

Mr. JUSTICE McALISTER delivered the opinion of the court.

The question presented for our determination upon this record is whether, under a proper construction of the will of T. W. White, deceased, the proceeds of a certain policy of life insurance, amounting to $5,374.17, are subject to the claims of creditors of the decedent, or whether they belong to the widow and children, free from his debts. The will of the decedent is as follows:

"Memphis, Tenn., Jan'y 25, 1900. Knowing the uncertainty of life, and being anxious that all my debts shall be paid promptly, I make this my last will and

testament, revoking all others. After all my debts are paid, I will all that I have left to my wife, Marion C. White, as she has been all that a wife could be, and I know she will provide for the children. I appoint Dr. B. G. Henning executor of my estate without bond. This will is wholly written by myself. T. W. White."

The policy of insurance in question was issued on the life of the decedent, and is made payable on his death to his executors, administrators, or assigns. It is insisted on behalf of the executor that under the will of T. W. White said policy is a part of his estate, subject to administration and the claims of creditors. It is further insisted that the title to said fund vests in B. G. Henning, as executor of the will of T. W. White, regardless of the ultimate ownership and distribution thereof. Shannon's Code, sec. 4030, provides, viz.: "A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property free from the claims of his creditors." Section 4231: "Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution or otherwise."

It is conceded that, notwithstanding this statute, a husband, afer taking out a policy of insurance on his own life, payable to his executors, administrators, or as-

signs, may dispose of the same by will, though, if it is made payable to his legal heirs, or to any other person than the assured's executors, administrators, or assigns, it would not be subject to such disposition; citing *Williams* v. *Corson*, 2 Tenn. Ch., 269; Id., 9 Baxt., 516; *Gosling* v. *Caldwell*, 1 Lea, 455, 27 Am. Rep., 774; *Life Assn.* v. *Winn*, 96 Tenn., 226, 33 S. W., 1045; *Handwerker* v. *Diermeyer*, 96 Tenn., 624, 36 S. W., 869; *Weil* v. *Trafford*, 3 Tenn. Ch., 108.

It is claimed that this policy passed under the provisions of the testator's will, which have already been set out. In support of this contention counsel cite *Weil* v. *Trafford*, 3 Tenn. Ch., 108, in which the benefit certificate provided that "the sum of $2,000 shall be paid as a benefit, upon due notice of death, to such person or persons as the assured may by will or entry on the record book of the lodge, or upon the face of the certificate, direct." It was held by Chancellor Cooper that such sum passed under the residuary clause of the testator's will disposing of the balance of "all of my property of every kind," without mentioning the certificate. The chancellor said: "It is clear, moreover, that Barker did not die intestate as to this fund, if it is constituted a part of his estate; for the words, 'all of my property of every kind,' are as broad as could possibly be used to pass the residuum of an estate. The only question, therefore, is, was this fund a part of the testator's estate when the will speaks of personalty? And of this there can be not a particle of doubt." This case, while sup-

porting more or less distinctly the proposition to which it is cited, was not passed upon by this court, nor the principle stated affirmed in any reported decision of which we have any knowledge. It has been referred to by this court on the proposition that life insurance can be disposed of by will, but the general principle stated has not been recognized by this court. Moreover, the claims of creditors were not involved in that case, and the decision turned largely upon the constitution and by-laws of the Knights of Honor. The contest was entirely between members of decedent's family.

Counsel also cite Union Trust Co. v. Cox, 108 Tenn., 316, 67 S. W., 814, as sustaining the contention of defendant. In that case the concluding clause of the will directing a disposition of testator's estate contained the following words, "including all insurance." It was held that creditors were entitled to be paid out of the life insurance to the exclusion of the widow and children. It is said that in the Cox Case the testator mentioned his insurance as a part of his estate, but not in connection with the payment of his debts. In that case the policy was issued on the life of the testator, payable to himself, his executors, administrators, or assigns. The executor was directed by the first clause of the will to pay "all just and honorable debts that may exist." The testator then divided his estate among his children and wife, the will concluding with these words, "My estate (as a whole, regardless of prior transfers) to be di-

Cooper v. Wright.

vided as above directed, each one-third of my estate effects, including all insurance."

We think it clear that in the Cox Case the testator intended his insurance to be included as a part of his general estate for distribution, and, becoming a part of his estate for this purpose, it was necessarily charged with the payment of all the debts of the testator. The court in that case used this language: "That he [the testator] did have them [insurance policies] in mind as constituting part of his estate, and, as it proved in the end, its only substantial part, which was to pass into his executor's hands, subject to the terms enumerated, is not left to an inference alone from the general terms used. In the last clause the testator declares his intention, we think, in unmistakable terms." Hence we do not think the Cox Case an authority for defendant's contention in this case, since in the former case there was an express reference to the insurance, while in this case no mention whatever is made of the subject. Now, why should the insurance pass to the executor for the benefit of creditors in a will which does not undertake to dispose of it? It is exempt property, and inures to the benefit of the widow and the children for their immediate support and maintenance. It is true the testator might dispose of it, and defeat the just expectations of his family, as he might dispose of other property exempt by law. But the courts will not presume, from general terms employed in a will, that the testator intended to deprive his widow and children of a fund secured to

their exclusive benefit by the statute, and give it to creditors who have no interest in it, and who could not have subjected it to the payment of their demands. *Harvey, Adm'r,* v. *Harrison,* 89 Tenn., 470, 477, 14 S. W., 1083.

The supreme court of Maine, in considering the subject, through Barrons, J., said: "So with moneys accruing from life insurance policies after the death of the testator. If it be held that under the general statute authorizing the disposition of property by will a solvent testator, or one whose estate would be solvent with the addition of the fund thus created, may authorize his executor to use this fund for the payment of his debts, and otherwise dispose of it in a manner different from that which the law contemplates or will allow in the case of an insolvent estate, we think, in order to effect his object, the testator must use language directly significant of his intention in this respect; that, classed by the legislature as this fund is, it is not to be appropriated to the payment of debts or of any pecuniary legacies couched in general terms merely, even to the widow or children, unless it is referred to as the fund from which such payment is to be made, and that it does not pass by any general residuary clause; in short, that the testator's intention to change the direction which the law gives to this very peculiar species of property is not to be inferred from general provisions in his will, the fulfillment of which might require the use of such money, but must be explicitly declared."

In *Rose* v. *Wortham,* 95 Tenn., 506, 32 S. W., 458, 30

L. R. A., 609, it was said: "The evident object and purpose of the acts in controversy were to provide for the widow and children, and, in default of them, for the next of kin of the assured upon his death, in the event he did not direct in the policy, or by assignment, or by his will, or in some other mode, that other persons should be the beneficiaries thereunder;" citing *Harvey, Adm'r,* v. *Harrison,* 89 Tenn., 476, 14 S. W., 1083. It was further said: "That he might so direct cannot, under our decisions, be questioned; but, in order to do so in the policy, he must use apt words for that purpose indicating his intention that the proceeds shall be paid to parties other than the wife, children, or next of kin, or else the proceeds will pass under the statute."

The chancellor properly decreed that the proceeds of the insurance policies herein were not subject to the claims of creditors under the will of T. W. White, deceased, and the decree is affirmed.