### W. M. MALONE, Executor v. LUCAS SHOFFNER et al.

Eastern Section.    May 21, 1927.

No petition for Certiorari was filed.

1. **Insurance. Life insurance is subject to be devised.**
   Notwithstanding the statute which provides that insurance on a person's life which inures to the benefit of his surviving spouse and children or next of kin is to be divided according to the laws of distribution, free from the claims of creditors, a person may dispose of insurance, payable to his estate, by will.

2. **Wills. Evidence. Language of testator's will held not sufficient to dispose of life insurance.**
   Where the testator died leaving no property other than life insurance and his will made several bequests but did not refer to the insurance, held that the insurance passed to his heirs under the statute and the bequests could not be paid out of the same.

3. **Dower. Year's support: Wife is not entitled to year's allowance from life insurance.**
   Where the deceased left no property other than life insurance, held that the wife was not entitled to a year's allowance to be paid from the proceeds of the insurance.

Appeal from Chancery Court, of Union County; Hon. Ben Robertson, Chancellor.

Affirmed.

W. P. Monroe, of Maynardsville, for appellant.

C. L. Waggoner, of Maynardsville, J. R. Ketron, of Tazewell, Bowen & Bowen, of Knoxville and Chas. S. Kitts, of Maynardsville, for appellee.

SENTER, J.  William Shoffner died in Union county, Tennessee, in March, 1926, testate. Complainant was named in the will of the deceased the executor of the estate, and after duly qualifying as

such executor he filed the original bill in this cause as a bill of interpleader. The bill alleges that by the terms of the will numerous bequests were made, and a direction to the executor that the debts of the estate be paid, and also that a monument to his memory be erected by the executor. The bill further alleges that the only property owned by the deceased at the time of his death was a life insurance policy on the life of the deceased for the sum of $1750 issued by the Arma Grotto, a fraternal benefit society organized by the Masonic Fraternity. The bill alleges that certain creditors were contending that the money collected from this policy of life insurance, by the terms of the will, were subject to the debts of the deceased; that other claims were being made, and especially by the widow of the deceased that as the residuary legatee she was entitled to the balance remaining of the proceeds from this policy of insurance after the special bequests had been paid. The bill prayed that the respective rights and interests of all the parties be fixed and declared by decree of the court; that the defendants having conflicting claims be required to present the same by proper pleadings in this cause, and that the executor be instructed and directed as to the paying out of the proceeds of said policy of life insurance.

At the hearing of the cause the Chancellor decreed that the will in question did not make any provision, and did not show on its face that the proceeds of the insurance policy in question was bequeathed to the beneficiaries named in the will; that the proceeds from the insurance policy goes to the heirs of the said William Shoffner free from the claims of his creditors, and that the widow of the deceased is entitled to a child's share, but that the widow is not entitled to a year's support to be set apart to her out of the proceeds of the insurance.

A petition to rehear was filed by the widow of the deceased, which petition to rehear was overruled. To the action of the court in overruling the petition to rehear, and in decreeing that she was not entitled under the will to receive the special bequest and have same paid out of the insurance; and in decreeing that she was not entitled to the residue of the proceeds of the policy after the payment of the special bequests and debts; and in decreeing that she was not entitled to have a year's support set apart and paid to her out of the proceeds of the policy, the defendant, Nancy Shoffner, executed, and has appealed to this court, assigning errors.

The several assignments of error present but the single question, was the policy of insurance disposed of by the will of the deceased? Are the special bequests to the beneficiaries named in the will to be paid out of the proceeds of the life insurance policy in question, or should the proceeds of said policy be distributed among the widow and heirs at law as provided by the statute?

The will contains two codicils. By the provisions of the original will certain special bequests are made to the widow and children of the deceased, ranging from $25 to $200, and with the provision that the executor pay the funeral expenses and doctor's bill, and with the further provision, "after my funeral expenses and doctor's bills are paid, I want, if any is left to go to the one who takes care of me in my last days also I desire that my children help pay my dues." No mention is made of any life insurance policy, and the only reference in the original will that could be construed as referring to any life insurance policy is contained in the words, "also I desire that my children help pay my dues." By the first codicil it is provided that the bequest to the wife of $200 is increased from $200 to $300, and the bequests of $125 each to his daughter, Grace, and his daughter Melvina Russell, be increased to $225. This last provision is in the following language: "And as to my daughter Grace, my will is that she have $225 instead of $125 provided she helps to pay my dues to the Arma Grotto Lodge also I will to Melvina Russell $225 in lieu of the $125 I heretofore willed her provided she helps pay said dues. I also appoint W. M. Malone trustee for my wife and direct him to pay her out of my bequest to her as long as she may need it, he to use his best judgment on when she really needs it."

The second codicil is in the following language:

"In my foregoing will I have willed three hundred dollars ($300) to my wife, Nancy Shoffner, and now in addition to the three hundred dollars it is also my will that she (Nancy Shoffner) have one year's support off of the farm should she outlive me, and it is also my will that there be a monument, with the square and compass and letter "G" upon said monument erected at my grave, said monument not to cost over one hundred dollars ($100) and I also want W. M. Malone, my executor in this will, to see to the laying out of the year's support for my wife and also to the selection and erection of the monument."

The only mention made, either in the original will or in the codicils thereto, of a life insurance policy in the Arma Grotto Lodge is contained in the first codicil wherein it is provided that the $225 bequests made to the two children named is conditioned upon the two beneficiaries named helping to pay the dues to said lodge.

It is well settled in this State, that notwithstanding our statutes, which provide that insurance on a husband's life shall enure to the benefit of his widow and children or next of kin, to be divided according to the law of distribution, free from the claims of creditors, a husband may, after taking out a policy of life insurance on his own life, payable to his executors, administrators, or assigns,

dispose of the same by will. Cooper v. Wright, 110 Tenn., 215, and cases cited.

In the case of Cooper v. Wright, supra, the case of Weil v. Trafford, 3 Tenn. Chan., 108, is discussed and commented upon. Chancellor Cooper held in Weil v. Trafford, supra, that a policy of life insurance was included in a residuary clause, and constituted a part of the estate of the testator under the words "all my property of every kind." In that case the learned Chancellor referred to certain provisions in the constitution of the Knights of Honor which issued the benefit certificate involved in that case. The Supreme Court of Tennessee, in Cooper v. Wright, referring to Weil v. Trafford, said:

"This case, while supporting more or less distinctly the proposition to which it is cited, was not passed upon by this court, nor the principle stated affirmed in any reported decision of which we have any knowledge. It has been referred to by this court on the proposition that life insurance can be disposed of by will, but the general principle stated has not been recognized by this court. Moreover, the claims of creditors were not involved in that case, and the decision turned largely upon the constitution and by-laws of the Knights of Honor. The contest was entirely between members of decedent's family."

In the case of Union Trust Company v. Cox, 108 Tenn., 316, 67 S. W., 814, there was a specific direction by the testator in disposing of his estate which specifically included all life insurance.

In Rose v. Wortham, 95 Tenn., 506, 32 S. W., 458, in discussing the question of the rights of persons other than the widow and children, and, in default of them, the next of kin, it is said: "The evident object and purpose of the acts in controversy were to provide for the widow and children, and, in default of them, for the next of kin of the assured upon his death, in the event he did not direct in the policy, or by assignment, or by his will, or in some other mode, that other persons should be the beneficiaries thereunder." (See, also, Harvey, Admr., v. Haralson, 89 Tenn., 476, 14 S. W., 1083).

While it is settled law under the Tennessee decisions, life insurance may be disposed of by a will, notwithstanding the Tennessee statute directing that life insurance shall be paid to the widow and children, etc., free from the debts of the husband, yet it is equally well settled that life insurance on the life of the husband does not pass under a residuary clause, unless specifically mentioned and included. Cooper v. Wright, supra; Rose v. Wortham, supra; and cases cited.

There is no language used by the testator in the will now under consideration that can be construed as a direction that the spe-

cial bequests mentioned in the will are to be paid out of this life insurance policy. The only reference whatever in the will, or either of the codicils thereto, is the provision that the special bequests made to two of the beneficiaries are conditioned upon their helping to pay dues upon this policy. The provision in the will bequeathing a year's support to the widow provides that. the same shall be paid out of the farm, and no reference is made to paying the same out of the proceeds of this policy of life insurance.

We are of the opinion that the learned Chancellor correctly held that this policy of life insurance, or the proceeds therefrom, did not pass under the will, and that the proceeds collected by the executor on this policy of insurance is to be paid out by him according to the provisions of the statutes on the subject. We find no error in the decree of the Chancellor. All assignments of error are overruled, and the decree of the Chancellor is affirmed. The appeal in this case is on the pauper's oath. Appellant will pay the cost of this appeal,

Owen and Heiskell, JJ., concur. .