AMERICAN TRUST COMPANY, ADMR. *v.* AMELIA M. SPERRY,
*et al.**

(*Nashville.* December Term, 1927.)

Opinion filed May 26, 1928.

**1-3. LIFE INSURANCE. WILL. ASSIGNMENT. EXEMPTION.**

Despite the express provisions of our statutes exempting the proceeds of life insurance payable to the estate of a husband and father, he may by assignment or by will so dispose of such insurance as to defeat the exemption. (Post, p. 46.)

Citing: Shannon's Code, secs. 4030, 4031; Rison v. Wilkerson & Co., 35 Tenn. (3 Sneed), 565; Williams v. Carson, 68 Tenn. (9 Baxt.), 516; Gosling v. Caldwell, 69 Tenn. (1 Lea), 455; Tenn. Lodge v. Lard, 73 Tenn. (5 Lea), 721; Catholic Knights v. Kuhn, 91 Tenn. (7 Pick.), 220; Union Trust Co. v. Cox, 108 Tenn. (24 Pick.), 316.

**2. LIFE INSURANCE. EXEMPTION. WILL. CREDITORS.**

Creditors can assert no claim to the proceeds of life insurance payable to a testator's executor, administrator, or assigns, where the will to the wife did not purport to dispose thereof, on the theory that courts will not presume from general terms employed in a will, that the testator intended to deprive his widow and children of a fund secured to their exclusive benefit by the statute, and give it to creditors who have no interest in it and who could not have subjected it to the payment of their demands. (Post, p. 46.)

Citing: Cooper v. Wright, 110 Tenn. (2 Cates), 214; Harvey, Admr., v. Harrison, 89 Tenn. (5 Pick.), 470.

---

*As to effect of statutory exemption of proceeds or avails of life insurance as inuring to benefit of estate where policy is payable to executors or administrators, or estate, see annotation in L. R. A., 1917F, 1143; 11 R. C. L., 528; 4 R. C. L. Supp., 711.

3. LIFE INSURANCE. EXEMPTION. DISPOSITION. WILL.
(See Headnote No. 1.)   (Post, p. 47.)

4. LIFE INSURANCE. EXEMPTION. DISPOSITION. WILL.
INTENTION.

A will which directs (1) that all of testator's just debts and all expenses of administration be first paid "out of any money belonging to my estate; (2) out of the proceeds of any life insurance payable to my estate, or to my executors, administrators, etc., and out of any moneys or securities belonging to my estate, I give and bequeath" certain sums to testator's wife and children, and (3) the rest and residue of the estate, real and personal be equally divided among the widow and children, does not evince an intention of the testator to work a diversion of the fund, such an intention must be expressed in apt words.   (Post, p. 47.)

Citing: Harvey, Admr. v. Harrison, 89 Tenn. (5 Pick.), 470; Cooper v. Wright, 110 Tenn. (2 Cates), 214.

5. LIFE INSURANCE. EXEMPTION. DISPOSITION. WILL.
INTENTION.

The mere inclusion in a will of a reference to funds to be derived from life insurance, with a reference for their equitable distribution among those in whose favor the statutory exemption runs, has never been held without more, to let in creditors' claims; but apt words must be used, indicating, not only an intention to equalize the funds among the preferred class (testator's wife and children), but an intention to apply the funds to debts and expenses of his estate.   (Post, p. 48.)

Citing: Williams v. Carson, 68 Tenn. (9 Baxt.), 516.

6. LIFE INSURANCE. EXEMPTION. DISPOSITION. WILL.
UNEQUAL DISTRIBUTION. CREDITORS.

The primary purpose of the act being clearly to exempt life insurance from the claims of creditors—to enable the husband or father to provide a fund after his death for his family, creditors can have no possible concern in the details of just how, as between the wife and children, funds derived from life insurance shall be distributed, unless, of course, by apt words a clear intent, is dis-

closed that the fund shall be subjected to the payment of debts.
(Post, p. 48.)

Citing: Harvey, Admr. v. Harrison, 89 Tenn. (5 Pick.), 470.

### 7. LIFE INSURANCE.  EXEMPTIONS.  WILL.

Where the fact that a testator had in mind that his insurance
should pass to his executors, applicable to claims of creditors, is
not left to inference alone from the general terms used the statute
has no application.  (Post, p. 50.)

Citing: Union Trust Co. v. Cox, 108 Tenn. (24 Pick.), 316.

### 8. LIFE INSURANCE.  EXEMPTION.  BURDEN OF PROOF.

In a suit to subject the proceeds of life insurance to the payment of
debts of a decedent the burden of proving the intent of the de-
cedent is on the complainant.

---

*Headnotes 1. Exemptions, 25 C. J., section 120; 2. ———; 3.
———; 4. ———; 5. ———.

---

### FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.
—HON. JAMES B. NEWMAN, Chancellor.

THOS. W. SCHLATER, JR., for American Trust Co.

W. E. NORVELL, JR., Guardian *ad litem*, ED. T. SEAY,
and J. C. EDWARDS, for Mrs. Sperry.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

As Administrator of H. L. Sperry complainant seeks
to subject to the payment of his debts the proceeds of
life insurance payable to his estate in the net sum, after
deducting a loan for which it had been pledged, of

$8766.76, upon the theory that Sperry had by will so included this insurance in his distribution of his general estate as to charge it with his debts. This appeal is from a decree so·holding, the facts having been stipulated below.

*(1) (3)* Despite the express provisions of our statutes (Shannon's Code, secs. 4030 and 4231) exempting the proceeds of life insurance so payable, it is conceded that the husband and father may, by assignment or by will, so dispose of such insurance as to defeat this exemption. *Rison* v. *Wilkerson & Co.,* 35 Tenn. (3 Sneed), 565; *Williams* v. *Carson,* 68 Tenn. (9 Bax.), 516; *Gosling* v. *Caldwell,* 69 Tenn. (1 Lea), 455; *Tenn. Lodge* v. *Lard,* 73 Tenn. (5 Lea), 721; *Catholic Knights* v. *Kuhn,* 91 Tenn., 220.

In none of these earlier cases was there a question as to the purpose or intention of the insured to divert the funds from the statutory direction. It was held merely that he had the power so to do, either by assignment or will.

*(2)* In *Cooper* v. *Wright,* 110 Tenn., 214, it was held that creditors could assert no claims to the proceeds of insurance payable to the testator's execu*tors, administrators or assigns, where the will to the wife did not purport to dispose thereof, that the courts will not presume, from general terms employed in a will, that the testator intended to deprive his widow and children of a fund secured to their exclusive benefit by the statute, and give it to creditors who have no interest in it, and who could not have subjected it to the payment of their demands, citing *Harvey, Admr.,* v. *Harrison,* 89 Tenn., 470. In the last-cited case the court held the exemption statutes applicable without regard to the amount of the insurance

fund, and despite the insolvency of the insured, in a case where the widow was the sole beneficiary in the policy. In this case no attempt to dispose of the policy either by assignment or will was involved.

*(3)* The claim of the complainant, sustained by the Chancellor, is that the instant case is controlled by the holding in *Union Trust Co.* v. *Cox,* 108 Tenn., 316, the only decision cited in which the effect of the inclusion in a will of an express reference to insurance. payable to the estate of the testator was adjudged.

In that case, recognizing the rule above noted that the assured may dispose by will of the proceeds of such funds, so as to defeat the otherwise applicable exemption, the Court construed the will before it as manifesting an intention to include the insurance funds in the testator's general estate and to make application of it to the payment of his debts. Having found that the language of that will indicated such an intention the holding properly followed.

*(4)* Does the will in the instant case so do?

The four pertinent paragraphs read as follows:

"1.  I direct that all my just debts and all expenses of administration be first paid, out of my moneys belonging to my estate.

"2.  Out of the proceeds of any life insurance payable to my estate or to my executors, administrators, etc., and out of any other moneys or securities belonging to my estate, I give and bequeath unto my beloved wife, Amelia McTyeire Sperry the sum of $5000; to my son Maddin Leonard Sperry $4000; to my son John Ford Sperry $4000 and to my son, Louis Fletcher Sperry $2000.  I have made the legacy to my son Louis $2000 less than to each of my other two sons for the reason that

I have heretofore advanced to him moneys in excess of $2000 for purposes other than for education and maintenance.

"3. All the rest and residue of my estate, both real and personal and mixed, I give, devise and bequeath to my beloved wife, Amelia McTyeire Sperry and to my sons, Maddin Leonard Sperry, John Ford Sperry and Louis Fletcher Sperry, in equal portions, share and share alike.

"4. I appoint my wife, Amelia McTyeire Sperry executrix of this will and direct that no bond or security be required of her."

By a codicil the amount bequeathed to Louis Fletcher Sperry was further reduced to $1000. The will was made in 1919. Mr. Sperry died in 1925, and his general estate has proven to be insolvent, although it is, we think, apparent that such a condition was not anticipated by the testator.

While recognizing the power of an assured to divert the fund and defeat the exemption from claims of creditors, quite uniformly and strongly our decisions have approved and impressed the policy of preserving such funds for the widow and children, declaring this to be the primary purpose of our statutes (*Harvey, Admr.,* v. *Harrison, supra*) and emphasizing that no diversion will be recognized unless clearly the intention of the assured, expressed in apt words. *Cooper* v. *Wright,* 110 Tenn., 214. No such intention may be inferred from general expressions or provisions. Such a purpose "must be explicitly declared." *Idem.*

(5) Looking to this will, we find that this testator, assuming his solvency in his first paragraph, directs that *all* his debts and "*all* expenses of administration shall

be first paid, out of any moneys belonging to my estate.''
This first paragraph stands alone and, apparently assuming that full and complete provision has thus been made for all his debts, he nowhere makes further reference to this subject, but proceeds, in a second and independent paragraph, to make provision for his wife and children and ''adjust equitably'' the distribution of a portion of his property between them. The opinion in the leading case of *Williams* v. *Carson, supra,* which adjudges the right of the husband to include his insurance in this equitable adjustment, contains no intimation that by so doing he will subject these funds to the claims of creditors, and deprive them of that priority which the law accords. In other words, the mere inclusion in the will of a reference to such funds, with a direction for their equitable distribution *among those* in *whose favor the statutory exemption runs,* has never been held, without more, to let in creditor's claims. Apt words must be used indicating, not an intention only to equalize the funds among this preferred class, his wife and children, but an intention to apply the funds to debts and expenses of his estate.

It is true that the distribution provided for in this second paragraph is (a) not wholly confined to the proceeds of the insurance, and (b) aggregates a sum total in excess of this fund. This (a) quite evidently was in the expectation that ''other moneys'' belonging to his estate would remain for distribution, after the payment therefrom of all debts and expenses provided for in the preceding paragraph. While he thus dealt together, in a sense, with these special and general funds, the effect is to evidence an intention, not to apply the insurance funds to general estate purposes, but to apply and add

157 Tenn.—4.

general estate funds to the insurance funds. Can it be consistently said that this effort to increase the provision for his wife and children is to be so construed as to deprive them of that to which they were already entitled?

(6) It is (b) contended, in effect, that the departure from the equal distribution provided by the statute, as between the wife and children, evidences an intention to exercise the testator's right to dispose of these funds independently of the statute, and that he thus waived the statute and released the funds from its exempting protection. As stressed in *Harvey, Admr., v. Harrison, supra,* creditors can have no possible concern in this detail of just how, as between the wife and children, the fund shall be distributed, a "secondary" and "subordinate" provision of the statute. As well said, "the primary purpose of the act was to exempt life insurance from the claims of creditors. . . . The purpose of the act is clear and this must guide in its application. It was to enable a husband or father to provide a fund after his death for his family." Is his attempt to depart from the exact terms of this secondary and subordinate provision to be held to defeat the "primary purpose" of the Act? We think not.

(7) Conceding that *Union Trust Co. v. Cox,* was correctly decided on its facts, the "disjointed and artificial" instrument therein construed differed in at least one determinative particular from that before us now. After providing for both debts and legacies from "my estate" without particularizing, this will concludes as follows: "My estate (as a whole), (regardless of prior transfers), to be divided as above directed, each one-third of my *entire effects,* including all insurance." That this testator had in mind having his insurance pass to

his executor, applicable to claims of creditors, as said by Mr. Justice BEARD, "is not left to inference alone from the general terms used; in the last clause, the testator declares his intention, we think, in unmistakable terms."

*(8)*  We are unable to find any such declaration of intention in the will of Mr. Sperry. The burden was on complainant to show clearly such an intent. We are therefore constrained to differ with the learned Chancellor, and the decree is reversed.

### ON PETITION TO REHEAR.

The complaint made by petitioner in a petition to rehear is rested upon a misconstruction of the original opinion. It is said that this Court held that, "before a man's insurance which he undertakes by will to dispose of, as an asset of his estate, shall be liable for the payment of his debts, that he must *expressly and explicitly declare that said insurance shall be liable for his debts.*"

This language was not used in our opinion, nor is this an accurate interpretation of the language which was used, as appears by reference to the quotation from that opinion immediately following the foregoing statement in the petition to rehear. It will be observed that what was said was that our decisions have emphasized that *"No* diversion will be recognized, unless clearly the intention of the assured, expressed in apt words, *Cooper* v. *Wright,* 110 Tenn., 214. No such intention may be inferred from general expressions or provisions. Such a purpose 'must be explicitly declared.' *Idem.*" This is not saying that one must explicitly declare that his "insurance shall be liable for his debts," but that the intention to divert this special fund from the wife and children to other parties, or other purposes, or into the

general fund, as was done in the Cox case, with the result that creditors would share therein, must be clearly expressed in apt words; or, quoting more fully from the Maine case, approved in *Cooper* v. *Wright;* "in short, that the testator's intention to change the direction which the law gives to this peculiar species of property is not to be inferred from general provisions in his will, the fulfillment of which might require use of such money, but must be explicitly declared."

Correctly interpreted there is no conflict with the Cox case. As we said of that case, "the Court construed the will before it as manifesting an intention to include the insurance funds in the testator's general estate and to make application of it to the payment of his debts. Having found that the language of that will indicated such an intention, the holding properly followed." And we quoted from that opinion the statement that this intention, "is not left to inference alone from the general terms used; in the last clause, the testator declares his intention, we think, in unmistakable terms." If this had been true of the instant case a like result would have followed, but, we were "unable to find any such declaration of intention in the will of Mr. Sperry," and a different result followed.

There is nothing in the holding in the Cox case, or our other holdings, inconsistent with our holding in the original opinion herein, that no diversion of such funds will be recognized unless the clearly expressed intention of the assured; that it must not be "left to inference," but declared, as in the Cox case, "in unmistakable terms."

Counsel for petitioner has incorrectly limited the effect of the language complained of to a requirement that the

testator must "expressly and explicitly declare that said insurance shall be liable for his debts," whereas the context and the authorities cited and quoted from show, that it was an intention to divert the fund at all, to the general estate, or otherwise, which was under consideration. The petition is dismissed.