MRS. IRENE WALDRUM et al., v. J. Y. WALDRUM, Executor.

Middle Section. December 12, 1931.

Petition for Certiorari denied by Supreme Court, March 26, 1932.

R. A. Goodman, of Nashville, for appellant, J. Y. Waldrum.
Wm. S. Noble, of Nashville, for appellee, Mrs. Irene Waldrum.

CROWNOVER, J. The question for determination in this cause is whether the proceeds of certain insurance on the life of John Lindsay Waldrum, deceased, were disposed of by his will or inured to the benefit of his widow and children. The policies were made payable to his personal representatives or assigns, and the proceeds collected by his executor, J. Y. Waldrum, amounted to $8417.36.

Said will is as follows:

"Nashville, Tenn.

"I, JOHN LINDSAY WALDRUM of Davidson County, Tennessee, being of sound and disposing mind and memory, do make this my last will and testament, hereby revoking all former wills by me at any time heretofore made.

"I direct that all my just and personal debts be paid out of the first moneys coming into the hands of my Executor, hereinafter named.

"I hereby give and bequeath the sum of Five Hundred ($500) Dollars to my Mother; and to each of my two Sisters the sum of Two-Hundred-Fifty ($250) Dollars each.

"I give and bequeath to my brother, Jonas Y. Waldrum, the sum of Four-Thousand ($4000) Dollars to be held in trust by him for my two daughters, Beryl Irene and Martha Louise Waldrum, and direct that the same be invested and the income therefrom be used toward the maintenance and education of my daughters until they arrive at the ages of 21 years; at the time each reaches the age of 21 years the sum of $2000 is to be paid to her.

"My said brother Jonas Y. Waldrum, shall not be required to make or execute bond as Trustee for my two daughters.

"All the rest and residue of my estate of every kind and description, real, personal and mixed, I hereby give, devise and bequeath to my two daughters, Beryl Irene and Martha Louise Waldrum to be divided between them equally share and share alike.

"I nominate and appoint my Brother, Jonas Y. Waldrum, the Executor of this my last will and testament and direct that he be not required to make or execute any bond as such Executor.

"In witness whereof I have hereunto signed my name on the margin of the preceding page of this, my last will and testament.

"This July 23-28.

"(sig.) John Lindsay Waldrum."

The Chancellor held that there were "no apt words or language indicative of an intention on the part of the testator to pass and dispose of said insurance funds under the terms and provisions of the will so as to incorporate and make the insurance a part of the general estate of the deceased for distribution, and charged with the payment of his debts."

Defendant's petition for a rehearing having been denied he has appealed to this court and has assigned errors as follows:

"(1) The Chancellor erred in holding and decreeing that the language of the will was insufficient in law to so dispose of the proceeds of his life insurance policies as to render them charged with the payment of testator's debts.

"(2) The Chancellor erred in decreeing a recovery against defendant, for interest on the funds coming into his hands as executor."

At the time of the execution of the will of John Lindsay Waldrum, he and Mrs. Waldrum had separated. They had two minor children, Beryl Irene Waldrum, aged sixteen years, and Martha Louise Waldrum, aged 12.

He had several policies of life insurance, amounting to $8417.36, made payable to his executors, administrators and assigns, but no other property of any kind except 'some exempt household goods. He had few debts. He executed his will as hereinabove set out.

At his death his executor collected the amount of the policies and paid his debts and expenses of administration. He expended for tuition of one of the children, at Mrs. Waldrum's request, $114.

Mrs. Waldrum, the widow, brought this suit in her own behalf and as next friend of her two children to recover this insurance money.

It will be observed that the will does not mention the insurance policies. The Tennessee cases have held that life insurance inures to the benefit of the widow and next of kin under the statutes (Shannon's Code, secs. 4030 and 4231) and that no diversion will be recognized unless the intention of the assured is clearly expressed in apt words in the will. Cooper v. Wright, 110 Tenn., 214, 75 S. W., 1049.

"In order to deprive the widow and children or next of kin of the proceeds of such policy, and give the same to creditors, [or others], apt words must be used for that purpose, and the use of general terms is not sufficient." Cooper v. Wright, supra.

No such intention may be inferred from general expressions or provisions. Such a purpose must be explicitly declared. Cooper v. Wright, supra; American Trust Co. v. Sperry, 157 Tenn., 43, 5 S. W. (2d), 957. In the case of Cooper v. Wright, supra, the Supreme Court said, "The courts will not presume, from general terms employed in a will, that the testator intended to deprive his widow and children of a fund secured to their exclusive benefit by the statute, and give it to creditors who have no interest in it, and who could not have subjected it to the payment of their demands. Harvey, Admr., v. Harrison, 89 Tenn., 470, 14 S. W., 1083." The Supreme Court, in Cooper v. Wright, supra, quoted from a Maine case:

"The testator's intention to change the direction which the law gives to this very peculiar species of property is not to be inferred from general provisions in his will, the fulfillment of

which might require the use of much money, but must be explicitly declared.''

In the case of American Trust Co. v. Sperry, supra, the first paragraph of the will directed that all debts be paid. The second paragraph directed: ''Out of the proceeds of any life insurance payable to my estate or to my executors, administrators, etc., and out of any other moneys or securities belonging to my estate, I give and bequeath unto my beloved wife, etc.'' The Supreme Court held that the will did not evidence an intention to apply the insurance funds to the payment of the debts.

In the case of Chrisman v. Chrisman, 141 Tenn., 424, 210 S. W., 783, the court said:

''While it is wholly within the power of the husband to prevent the application of the statute, *such an intention will not be presumed, but must appear in unmistakable terms.''*

In the cases of Cooper v. Wright and American Trust Co. v. Sperry the claims of creditors were involved. In the case of Chrisman v. Chrisman, the testator undertook by his will to make his wife trustee for his son.

In this case there is no mention of insurance in the will. Clearly on its face there is no disposition of the insurance. The intention must be expressed in apt words; hence, the first assignment of error must be overruled.

The second assignment, that the court·erred in allowing interest on the recovery from the date of the filing of the bill, is not well made and must be overruled, for the reason that interest was allowable within the discretion of the Chancellor.

The personal representative is allowed two years and six months in which to pay over legacies and distributive shares. Pritchard on Wills & Executors, sec. 747. But the proceeds of insurance on the husband's life, where the policies are payable to his estate or to his personal representatives or assigns, like a recovery for wrongful death, are not assets of his estate and are not subject to the payment of his debts, in the absence of such disposition by will or assignment, although the personal representative and the sureties on his bond are liable for his misappropriation of the fund. Pritchard on Wills & Executors, secs. 628-9; opinion of this court in the case of Thomas L. Cunningham v. J. W. Hutcherson, Admr., Maury Equity, filed at Nashville on November 7, 1931; Agee v. Saunders, 127 Tenn., 683-4, 157 S. W., 64; Chrisman v. Chrisman, supra; American Trust Co. v. Sperry, supra. And the fund ''must be distributed as soon as collected, without regard to debts.'' Agee v. Saunders, supra.

The complainant and her children were entitled to the proceeds of these policies as soon as they were collected. She had interviews

with the defendant and sought information about the estate but he refused to give her any information and she was forced to file a bill and amended bills seeking a discovery; hence the question of the allowance of interest was within the discretion of the Chancellor, and we are bound by his decision where his discretion has not been abused. Equitable Trust Co. v. Central Trust Co., 145 Tenn., 148, 239 S. W., 171; Southern Const. Co. v. Halliburton, 149 Tenn., 319, 258 S. W., 409; Brownlow v. Payne, 2 Tenn. App., 163; Tenn. Fertilizer Co. v. International Agr. Corp., 146 Tenn., 451, 243 S. W., 81.

All the assignments of errors being overruled it results that the decree of the Chancellor must be affirmed, and decrees with interest from May 8, 1931, will accordingly be entered in this court in favor of the complainants and against J. Y. Waldrum and the sureties on his appeal bond. The cost of the cause including the cost of the appeal is adjudged against J. Y. Waldrum and the surety on his appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.