MARGARET K. BURKE, Extrx., v. ANNA MARGARET BURKE, et al.

Western Section. December 16, 1931.

Petition for Certiorari denied by Supreme Court, April 9, 1932.

Pearson & Hewgley, of Jackson, for appellant.

Pigford & Key, of Jackson, for appellee.

HEISKELL, J. This suit was instituted in the Chancery Court of Madison County, Tennessee, by Miss Margaret K. Burke, Execu-

trix of the last will and testament of Walter J. Burke, deceased, against Anna Margaret Burke, Frances Nell Burke and Walter G. Burke, minor children and only heirs and legatees of the said Walter J. Burke, and Bankers Trust Company, guardian or curator of their estate, for the purpose of construing the last will and testament of the said Walter J. Burke, which is in the words and figures following:

"Jackson, Tenn., 4-1929.

"I, W. J. Burke, in City of Jackson, State Tenn., County Madison, of sound mind, my last will and testament, bequeath all my personal property consisting of Life Insurance Policy in Mutual Life Ins. Co., of N. Y. original amount $2000 addition accrued paid up amt. $138 less a loan on policy $110 and household furniture all to my children Anna Margaret, Frances Nell & Walter Grantham Burke for their maintenance & education as far as will go in monthly installment or larger sums.

"I hereby nominate my cousin Margaret Burke resident City Memphis, County Shelby, State Tenn. administrator without bond to pay all my just debts and balance to be given to support & education of my children as she sees fit. If Guardian is required I nominate Florence Burke without bond.

"Should either not care to serve they can nominate some Trust Co. compensation to Margaret & Florence Burke usual amount allowed. I set my hand & seal.

"W. J. Burke, This 19 day April, 1929."

The will was executed in April, 1929, and the said Burke died in December, 1929.

The bill alleges that the entire estate of the said Walter J. Burke consists of the proceeds of a policy of life insurance issued by the Mutual Life Insurance Company in the sum of $1867.39, and insurance issued by the Association of Machinists Helpers and Apprentices, in the sum of two hundred dollars, and a few articles of household furniture alleged to be of little or no value.

The prayer of the bill seeks a construction of the will.

The defendants filed an answer and cross-bill in which they admitted all of the allegations of fact contained in the bill, and sought a recovery of the full amount of the insurance money in the hands of the Executrix upon the theory that they were entitled to the same both under the will and under the laws of Tennessee, because such insurance is exempt from the claims of creditors, and the testator had not diverted said insurance or made it subject to claims of creditors if there were creditors of this estate.

Complainant filed an answer to the cross-bill, the substance of which is as follows:

."She denies that the funds received by her from the insurance policies set out and described in the original bill are not a part of her decedent's personal estate, and further denies that she has no right or authority to pay valid debts against said estate out of said funds."

The only proof in the case is the testimony of the complainant. She says she paid $269.50 for funeral expenses and other expenses of the estate, aggregating with the funeral bill, $343.67, and shows unpaid claims of debt filed with her as Executrix, amounting to $151.25. She shows the proceeds of the two policies collected amounting to $2069.17.

The decree of the court is as follows:

"This cause came on to be heard before Honorable T. C. Rye, Chancellor, on the 23rd day of July, 1931, sitting by interchange with N. R. Barham, Chancellor, upon the original bill, and exhibits, answer thereto, cross-bill and answer, proof on file and the entire record in this cause, and it appearing to the court that Walter J. Burke died testate in Madison County, Tennessee, nominating and appointing Margaret Burke as Executrix of his will and that she has qualified and is now acting as such Executrix; that deceased left surviving him, as his only heirs, three children, namely: Anna Margaret Burke, Frances Nell Burke and Walter G. Burke, all of whom are minors and wards of Bankers Trust Company of Little Rock, Arkansas; that the entire estate of Walter J. Burke consisted of two policies of insurance, one for $1867 issued by Mutual Life Insurance Company and one in the sum of $200 issued by Machinists Helpers and Apprentices; that since the complainant has undertaken the discharge of her duties as Executrix under said will her power and authority, under the provisions of said will, to pay the debts of her decedent out of the proceeds of said insurance policies, has been questioned; that said decedent left certain unpaid debts which the Executrix desires to pay and has no funds except said insurance funds out of which to pay the same and desires the court to construe said will and direct her as to the proper course to pursue in administering upon said estate, and the court having read and considered said will is of the opinion that the proceeds of the policy issued by the Mutual Life Insurance Company, amounting to $1867 is not exempt to the children of the deceased and that it was his intention, as expressed in the will, to use the proceeds of said policy to pay any debts which he or his estate might owe, it is therefore so ordered, adjudged and decreed by the court and it is further decreed that the Executrix use said funds for the purpose of paying

the bona fide debts of deceased and upon her so doing, she will be given credit for such expenditures in her final settlement with the County Court as Executrix of said estate.

"It is further ordered, adjudged and decreed by the court that the cross-bill of the Bankers Trust Company be and the same is dismissed at the cost of cross-complainant.

"It is further ordered, adjudged and decreed that complainant, Margaret Burke, Executrix, pay all costs of this cause, including a reasonable fee to Pearson & Hewgley, her solicitors, for services rendered in this cause, out of the corpus of said estate, and that she be given credit for all costs paid by her in her final settlement as executrix of said estate."

From this decree the defendants appeal and assign errors.

The errors assigned are (1) In decreeing the proceeds of the Mutual Life Insurance Company policy subject to debts of the estate, because said policy was exempt from the claim of creditors. (2) It was error to dismiss the cross-bill of defendants because the guardian is entitled to said funds for its wards and in any event to the proceeds of the $200 policy, same not being mentioned in the will. (3) It was error to decree that the Executrix pay costs and attorneys' fees out of said insurance fund.

The main question in the case is whether or not the will of Walter J. Burke made the proceeds of the Mutual Life Insurance Company policy subject to the payment of debts. It is agreed that said insurance is exempt from claims of creditors unless the will makes it subject to the payment of debts. Complainant relies on the case of Union Trust Co. v. Cox, 108 Tenn., 316, 67 S. W., 814, while the defendants insist that American Trust Co. v. Sperry, 157 Tenn., 43, 5 S. W. (2d), 957, is conclusive in their favor.

In the Cox case the will contains these passages: "I hereby appoint my brother Jas. Cox to administer upon my estate . . . 1st to pay all just and honorable debts that may exist" 2nd, the will directs how the estate shall be divided between his wife and two children." Then concludes: "My estate (as a whole) regardless of prior transfers) to be divided as above directed each 1.3rd of my entire effects including all insurance." The proof showed that aside from insurance the only assets of the estate amounted to $34. The court said:

"However inartificial the instrument is, the intention clearly inferable from it is, that out of the entire estate coming to the executor, all just and honorable debts, and the compensation of the executor were to be paid, and then the balance was to be divided in the manner as directed therein."

In the Sperry case the will so far as pertinent is thus set out:

"1. I direct that all my just debts and all expenses of administration be first paid, out of my moneys belonging to my estate.

"2. Out of the proceeds of any life insurance payable to my estate or to my executors, administrators, etc., and out of any other moneys or securities belonging to my estate, I give and bequeath unto my beloved wife, Amelia McTyeire Sperry the sum of $5000; to my son Maddin Leonard Sperry $4000; to my son John Ford Sperry $4000 and to my son, Louis Fletcher Sperry $2000. I have made the legacy to my son Louis $2000 less than to each of my other two sons for the reason that I have heretofore advanced to him moneys in excess of $2000 for purposes other than for education and maintenance.

"3. All the rest and residue of my estate, both real and personal and mixed, I give, devise and bequeath to my beloved wife, Amelia McTyeire Sperry and to my sons, Maddin Leonard Sperry, John Ford Sperry and Louis Fletcher Sperry, in equal portions, share and share alike.

"4. I appoint my wife, Amelia McTyeire Sperry executrix of this will and direct that no bond or security be required of her.''

The court then continues:

"By a codicil the amount bequeathed to Louis Fletcher Sperry was further reduced to $1000. The will was made in 1919. Mr. Sperry died in 1925, and his general estate has proven to be insolvent, although it is, we think, apparent that such a condition was not anticipated by the testator.

"While recognizing the power of an assured to divert the fund and defeat the exemption from claims of creditors, quite uniformly and strongly our decisions have approved and impressed the policy of preserving such funds for the widow and children, declaring this to be the primary purpose of our statutes (Harvey, Admr., v. Harrison, supra) and emphasizing that no diversion will be recognized unless clearly the intention of the assured, expressed in apt words. Cooper v. Wright, 110 Tenn., 214, 75 S. W., 249. No such intention may be inferred from general expressions or provisions. Such a purpose 'must be explicitly declared.'

"(5) Looking to this will, we find that this testator, assuming his solvency in his first paragraph, directs that all his debts and 'all expenses of administration shall be first paid out of any moneys belonging to my estate.' This first paragraph stands alone and, apparently assuming that full and complete provision has thus been made for all his debts, he nowhere makes further

reference to this subject, but proceeds, in a second and independent paragraph, to make provision for his wife and children and 'adjust equitably' the distribution of a portion of his property between them. The opinion in the leading case of Williams v. Carson, supra, which adjudges the right of the husband to include his insurance in this equitable adjustment, contains no intimation that by so doing he will subject these funds to the claims of creditors, and deprive them of that priority which the law accords. In other words, the mere inclusion in the will of a reference to such funds, with a direction for their equitable distribution among those in whose favor the statutory exemption runs, has never been held, without more, to let in creditor's claims. Apt words must be used indicating, not an intention only to equalize the funds among this preferred class, his wife and children, but an intention to apply the funds to debts and expenses of his estate.''

In other words, the court is of the opinion that the testator H. L. Sperry, when he made his will in 1919, thought he had property enough outside of insurance to pay his debts, and therefore provides for dividing all his insurance and more assets besides, among his wife and children the parties in whose favor the statutory exemption runs as to insurance. The court could see in this no intention to divert the insurance from wife and children to creditors.

In the Cox case the court gives weight to the fact that the testator had no property except the insurance and therefore when he directed that his debts be paid, must have intended that insurance money be used for this purpose. That having nothing but insurance when he directed his debts to be paid and then directed his administrator ''to invest the balance of such funds as may remain . . .'' and then concludes the will with the words ''My estate to be divided as above directed, each one-third of my entire effects including all insurance'' that the intention was manifest to make his insurance subject to payment of debts.

The present case is much more like the Cox case than it is like the Sperry case. Here the testator says his property consists of the Mutual Life Insurance policy and household furniture. He is presumed to have known that this furniture was of practically no value. Therefore when he directs his administrator ''to pay all just debts and apply balance to support and education of my children as she sees fit,'' he must have intended that his administrator should collect the policy, pay all just debts out of the proceeds and then apply the balance to the support and education of the children. It is easy to see how in the Sperry case it was in the mind of the testator not to interfere with the exemption in favor of the wife and children. In the present case as in the Cox case, the only intention to be found

from the will and surrounding circumstances is that the testator meant to direct the payment of debts out of said insurance.

Counsel for defendants also cite the case of Malone v. Schoffner et al., 4 Tenn. App., 538, but in that case it was clear that the will contained no such reference to the policy as to indicate an intention to divert the policy from its ordinary purpose. The opinion, besides, distinguishes the case of Union Trust Co. v. Cox, supra, just as the Supreme Court did in the Sperry case in 157 Tenn.

It is insisted for defendant that no decree could be pronounced for complainant because the bill sets out no specific debts. The original bill contains this:

"The mother of the defendant children and divorced wife of the deceased, acting for and in behalf of said children, and the defendant guardian of said children are contending that under the first paragraph of said will all of the proceeds of said insurance policy is set apart, devised and bequeathed unto the defendant children and that no portion of the same can or should be used for the purpose of paying the debts of the deceased; that complainant is constrained to believe that under the second paragraph of said will all of the personal estate of the deceased is subject to the payment of his debts, and that all of the personal property coming into her hands should be used, as far as may be necessary, to pay his debts, and the balance, if any, paid to the guardian of said children."

The answer denies that any part of the proceeds of said policy is liable for the debts of Walter F. Burke. The complainant then testifies proving debts paid and unpaid, and there was no objection to this evidence. If there had been objection to the testimony and the Chancellor had considered it material, he would have allowed an amendment to the bill. It is too late now to raise the question. If defendants had denied that there were any debts of the estate and the complainant had failed to prove any, the bill would have been dismissed and the complainant have been charged with all costs.

Appellants insist that it was error to dismiss their cross-bill as to the $200 policy issued by the Association of Machinists Helpers and Apprentices. It is true the will does not mention this policy and therefore if material the court would hold that the proceeds of said policy was not subject to payment of debts, but the debts are not enough to exhaust the larger policy, no costs have accrued by reason of the $200 policy, so while the proceeds of the policy should go to the two children this does not affect the decree. The decree ignores this policy; the suit was necessary without taking it into consideration. All that is necessary to say in regard to it is that the fund derived from this policy should be turned over to the defendants or their

388

guardian and that it should not be considered in fixing costs, expenses or attorneys fees.

The assignments of error are overruled and the decree of the lower court is affirmed. The costs of appeal will be paid by complainant out of the fund derived from the Mutual Life policy.

Owen and Senter, JJ., concur.