# IN RE ESTATE OF WILLIAM S. BRUCE, JR., Deceased.—430 S.W.(2d) 884.

Middle Section.  March 29, 1968.

Certiorari Denied by Supreme Court August 19, 1968

436

Howser, Thomas & Summers, Nashville, for appellant.

Harry G. Nichol, Nashville, for appellee.

TODD, J. Mrs. Margaret A. Bruce, widow of William S. Bruce, Jr., deceased, dissented from her husband's will which provided as follows:

> "I give, devise, and bequeath all my property, including life insurance policies on my life and payable to my estate, to First American National Bank in Trust for the education and maintenance of my son, William S. Bruce III, until he reaches the age of 21 years at which time the remaining corpus of my estate is to be paid over to him."

The Commissioner's report allowed and set apart to the widow as year's support certain personalty and $9,600.00 in cash.

Exceptions to the Commissioner's report were based partly upon the fact that there was not sufficient cash in the estate to satisfy the $9,600.00 allowance to the widow without encroaching upon the proceeds of life insurance payable to the estate and bequeathed in trust for the son of the deceased by the above quoted will.

The Probate Court held that the proceeds of said life insurance was not available for payment of the award of the Commissioners, and ordered the cash award reduced to the net cash in the estate exclusive of said insurance proceeds. From this ruling the widow has appealed and assigned as error the exclusion of said insurance proceeds from her award of year's support and the resulting reduction of the same.

The Probate Court pretermitted two other exceptions to the report of the Commissioners based upon excessiveness and failure to consider provisions for the widow outside the will. The executor has assigned error as to this action of the Probate Court in order that this Court might consider and rule upon the pretermitted exceptions if necessary.

Section 56-1108 T.C.A. provides as follows:

> *"Insurance on husband's life, effected by himself, goes to wife and children*—Any life insurance effected by a husband on his own life, shall in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

The question presented by this appeal is whether a husband and father may bequeath his insurance to one, but not all of the class designated by statute (widow and children) and retain the benefit of exemption and exclusion of the insurance from his estate, or whether such preference or discrimination by the husband effectively removes the insurance from the provisions of the foregoing statute, leaving it a part of his general estate

subject to the claims of the dissenting widow and of creditors.

On behalf of the widow, it is insisted that the statute must control *both exemption and disposition* of insurance proceeds, *or neither,* that is the same statute excludes the insurance in question from the general estate and provides distribution of the insurance to the *widow and children,* and one child cannot claim the insurance to the exclusion of the widow and other children. In support of this insistence is cited American Trust and Banking Co. v. Twinam, 187 Tenn. 570, 216 S.W.2d 314 (1948).

In the Twinam case, there was a widow who had waived all her interest in *the general estate* of deceased, but who claimed the right to share with his children in the proceeds of insurance by virtue of the above Code section. The will of deceased did not mention the insurance. The Court held that the insurance was not a part of the estate of deceased, and therefore the widow had not waived her statutory share of the insurance. The Twinam opinion does point out that

"the act in no wise limited the authority of the husband to control policies of insurance on his life, where the same are payable to his estate, such insurance is the property of the husband and subject to his disposition, either during his lifetime or by will." (citing cases) 187 Tenn. at 575, 216 S.W.2d at 316.

The Twinam opinion further distinguishes between exempt property which is not subject to testamentary disposition under the general exemption law, and insurance which is specially exempt under Section 56-1108, supra, and may be disposed of by will.

In Chrisman v. Chrisman, 141 Tenn. 424, 210 S.W. 783 (1918), cited by the widow, the testator devised "all of my estate, both real and personal" to his wife. The Court held that the insurance was not a part of his estate and passed to his widow and child under the statute, rather than to his widow alone under his will. The rationale of this holding was that testator was presumed to know of the statute and, in the absence of "apt words" to remove the insurance from the control of the statute and place it in his estate, such an intent would not be presumed.

Other cases are cited by the widow in respect to the requirement for "apt words" in wills to supersede the provision of the statute for disposition of the insurance. The words used by the testator herein are as apt as the mind of man can conceive. There can be no uncertainty as to his intention. The only question must be whether his unquestioned designation of one of the class (his son) to the exclusion of other members of the class (widow and other children) has the legal effect of placing the insurance so devised in his general estate, available to the claims of the dissenting widow.

In the case of Crockett v. Webb, 195 Tenn. 88, 257 S.W.2d 4 (1953) the testator designated the residue of his estate, including all life insurance payable to his estate, as a trust to provide support for his widow, an annuity for his sister, maintenance for one J. Walker Flournoy, and an endowment fund as a memorial to his first wife. The Court held that the testamentary provision effectively removed the insurance funds from the exempt status conferred by statute and made them a part of the general estate subject to the claims of a dissenting widow; citing Sparkman Thompson, Inc. v. Chandler; 162 Tenn.

614, 39 S.W.2d 741 wherein creditors were allowed access to proceeds of insurance bequeathed to a niece, and the Court said:

"When * * * the proceeds of the insurance have been assigned irrevocably by his will to a person other than wife, child, or dependent relative, the statute can have no application." 162 Tenn. at 622, 39 S.W.2d at 743.

It is insisted by the executor that, so long as the testamentary disposition is to one or more of the class designated by statute, the insurance remains outside the estate and free from the claims of creditors or dissenting widow.

In Harvey v. Harrison, 89 Tenn. 470, 14 S.W. 1083 (1891) the widow only was named beneficiary and creditors sought to reach the insurance proceeds on the ground that *all* the beneficiaries of the statute were not beneficiaries of the insurance policies. After discussing the difficulties and injustices involved in such proposal, the court rejected it, and allowed the widow to receive the insurance free of debts under the statute, saying:

" [w]hether the contract be in his own name, or for his wife and children, or in the name of the wife alone, can make no difference * * *." 89 Tenn. at 476, 14 S.W. at 1085.

In American Trust Co. v. Sperry, 157 Tenn. 43, 5 S.W. 2d 957 (1928), the administrator sought to subject the proceeds of life insurance to payment of debts on the ground that the testamentary disposition of the insurance proceeds was not in accord with the statute by being unequal, i. e., $5000 to wife, $4000 to each of two sons and $2000 to a third son. The contention was rejected and the

insurance was decreed to beneficiaries in the proportion designated in the will, free of the claims of creditors. The statutory designation of widow and children was referred to in both the Harvey case and the Sperry case as a "secondary" and "subordinate" provision of the statute.

An examination of all cases cited in briefs, and many other cases and authorities, indicates that the particular **question involved in this** appeal is one of first impression. Cases cited for or against allowance of year's support out of insurance were decided upon grounds other than those involved herein.

In Harvey v. Harrison, supra, the Court observed:

"After the father, the mother is the head of the family. It is often the highest of wisdom to intrust her with the means of supporting and educating her children and securing their dependence and obedience. To defeat the possibility of such provision, and force all insurance for the benefit of the family to be taken out so as to be distributable among the children, and say that the husband cannot insure for the benefit of his wife alone, upon the construction contended for, would be to sacrifice the spirit of a law belonging to that class which, as said by Judge Green in Bachman v. Crawford, 3 Humph. 216, 'ought to be so construed as to advance the remedy the Legislature intended to afford.' " 89 Tenn. at 477, 14 S.W. at 1085.

By the same line of reasoning, the Court in the present case may observe that, in the wisdom of the insured testator, it could be the highest wisdom to intrust the proceeds of insurance to some other member of the preferred class, such as a son. No suggestion is made that the deceased was possessed of less than normal intellect.

This Court takes judicial knowledge that he was a member of the bar of this Court. Nothing else appearing, we must presume that he did what he did for intelligent reasons sufficient unto himself and with full and lawful power to do so.

To deny the deceased insured the power and privilege of making the disposition of his life insurance as made herein would result in more injustice than justice. To rule that insurance may not be bequeathed to one member of the class to the exclusion of others would result in a denial of the right to exercise prudence in selecting which of the class were more needy or better qualified to administer the fund.

Section 56-1110, T.C.A. provides as follows:

*"Life insurance or annuity for or assigned to wife or children or dependent relatives exempt from claims of creditors.*—The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the wife and/or children, or dependent relatives of such persons, shall be exempt from all claims of the creditors of such person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to such person."

It is noteworthy that this statute employs the words "and/or" evidencing a clear option of selection of members of a class of beneficiaries. If the words "assigned to" be interpreted to include "bequeathed to", then Sec. 56-1110 T.C.A., is determinative of the question, at least as to the claims of creditors. In any event, this

statute is persuasive as to the legislative policy and intent of Section 56-1108 T.C.A.

█ In the light of previous decisions of Tennessee courts on related, but not identical matters, we are satisfied that the consistent, harmonious and proper ruling is that proceeds of insurance upon the life of deceased payable to or bequeathed to any one or more of the beneficiaries named in the statute is exempt from the claims of creditors, and from the widow's claim for year's support.

This disposition of the appeal makes unnecessary the consideration of assignments of error filed by the appellee, executor.

The Application for Year's Support, and the order of the Probate Court appointing commissioners refer to three minor children under the age of fifteen. The Report of Commissioners and the order of the Probate Court award year's support to the widow only. This apparent oversight, if it be such, is not before this Court for review, and is mentioned herein only that such corrections, if any, as may be proper may be carried out.

The judgment of the Probate Court is affirmed, and the cause is remanded for further appropriate proceedings. The costs of this appeal will be paid by the executor as part of the cost of administering the estate.

Affirmed and remanded.

Shriver, P. J., and Puryear, J., concur.