### APPEAL OF JULIA S. LUCKY AND MARY LUCKY KELSO, AS EXECUTRICES OF THE ESTATE OF C. E. LUCKY, DECEASED.

Docket No. 4716.    Submitted October 31, 1925.    Decided November 9, 1925.

Policies of life insurance taken out by the decedent, a resident of Tennessee, and made payable to his estate, were not receivable by the executor within the meaning of section 402 (f) of the Revenue Act of 1921.

*Forrest Andrews, Esq.*, for the taxpayer.
*J. F. Greaney, Esq.*, for the Commissioner.

Before JAMES LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in estate tax in the amount of $550.59, arising from the inclusion by the Commissioner as a part of the gross estate of the amount of insurance policies taken out by the decedent on his life and made payable to his estate at his death.

### FINDINGS OF FACT.

C. E. Lucky was, until his death on June 23, 1922, a resident and citizen of Knoxville, Tenn., where he was engaged in practicing law. During his lifetime he obtained a number of policies of insurance upon his life which, at the date of his death, amounted to $8,115.13. These policies were made payable to his estate upon his death. The decedent left a will, written November 12, 1914, which was duly admitted to probate in the County Court of Knox County, Tenn., as follows:

I hereby give and devise to my wife, Julia S. Lucky, and to my daughter, Mary J. Kelso, my estate, real, personal and mixed, wherever situated, one-half to each. It is my will that my life insurance shall not pass under this will but under the Statutes of this State.

I hereby appoint my said wife Executor of this will, requesting her to consult my son-in-law, H. J. Kelso, touching all matters arising in the administration thereof, and hereby expressly excuse her from giving any bond, or filing any inventory, making any settlements with the County Court of Knox Co. or any other Court.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

OPINION.

LITTLETON: The Commissioner held that decedent's policies of life insurance amounting to $8,115.13 were receivable by the executor and constituted a part of the gross estate' under the provisions of section 402 (f) of the Revenue Act of 1921, which provides:

> That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tanglible or intangible, wherever situated—
>
> \*     \*     \*     \*     \*     \*     \*
>
> (f) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

In support of his position the Commissioner relies upon Regulations 68, article 26, which provides:

> The provision requiring the inclusion in the gross estate of all insurance receivable by the executor, without any deduction, applies to policies made payable to the decedent's estate  \*  \*  \*  and all insurance which is in fact receivable by, or for the benefit of, the estate.

The executrices contend that, under the statutes of the State of Tennessee, a policy of insurance taken out by one upon his life is not receivable by the executor as such but passes to the widow and children, or next of kin, unless specifically provided to the contrary by the insured during his lifetime; and that the amount of the polices here involved, being less than $40,000, would not constitute a part of the gross estate. These policies were made payable by the decedent to his estate, and in his will he directed that they should pass under the statutes of the State of Tennessee. It is necessary, therefore, to determine whether, under the statutes of Tennessee, the insurance was receivable by the executor within the meaning of section 402 (f) of the Revenue Act of 1921.

Section 402 does not provide that insurance payable to one's estate shall constitute a part of the gross estate, but it provides that such insurance shall become a part of the gross estate only if receivable by the executor. This section specifically provides that if the insurance is receivable by other beneficiaries it shall constitute a part of the gross estate to the amount thereof in excess of $40,000. If this insurance was not receivable by the executor of the estate but passed by statute directly to the widow, children, and next of kin under the law of distribution free from the claims of creditors, it was not, in our opinion, receivable by the executor, within the meaning of the first clause of section 402 (f), and was receivable by " other beneficiaries," within the meaning of the second clause of that section, and is exempt.

Sections 4030 and 4231 of Shannon's Code (Statutes of Tennessee) provide:

A life insurance effected by a husband on his own life shall inure to the benefit of the widow and next of kin, to be distributed as personal property, free from the claims of his creditors.

Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the law of distributions, without being in any manner subject to the debts of the husband, whether by attachment, execution, or otherwise.

This statute has been before the Supreme Court of Tennessee many times and, in the case of *Rose* v. *Wortham*, 95 Tenn. 505, the court had before it a question in regard to a life insurance policy effected by a man upon his life while he was unmarried and made payable to the "legal representatives of the assured." Before his death he married and the question arose between his creditors and the widow and next of kin. The court said:

Without now attempting to decide upon the use of particular words and phrases as indicating this intention, we are content to hold that the language used in this policy designating the payees as " the legal representatives of the assured," does not indicate an intention to direct the proceeds to any other persons than those entitled under the law, to wit, the widow and children or next of kin, but under this language the proceeds will pass, as the statute directs, to the widow and children, or, if there be no widow or children, then to the next of kin under the law, who are, in the sense in which the terms are here used, " the legal representatives of the assured." It cannot be held that the term " legal representatives " was intended to mean the executor or administrator of the deceased, so as to give them a beneficial interest in the recovery, but was intended to designate those who, under the law, succeed to the personal estate of the deceased.

In further considering the statute relating to life insurance, the court, in the case of *Chrisman* v. *Chrisman*, 141 Tenn. 424, 431; 210 S. W. 783, 784, stated:

These sections of the Code [4030 and 4231] being section 3 of chapter 216 of the Acts of 1845–46, have been construed by this court in numerous cases wherein creditors have sought to have satisfaction of their claims out of the proceeds of life insurance, and it has been consistently held that the act in no wise limited the authority of the husband to control policies of insurance upon his life where the same are payable to his estate—such insurance is the property of the husband and subject to his disposition either during his lifetime or by will. *Rison* v. *Wilkerson*, 35 Tenn. (3 Sneed.) 569; *Williams* v. *Carson et al.*, 68 Tenn. (9 Baxt.) 516; *Nashville Trust Co.* v. *First National Bank*, 123 Tenn. 617, 134 S. W. 311.

It is likewise decided by our cases that, notwithstanding the absolute control and authority of the husband over policies of insurance on his life made payable to his estate, the proceeds of the same do not pass by will in the absence of the use of apt words used therein clearly indicative of such intention, but goes to those entitled, by virtue of the provisions of the statute referred to. *Cooper* v. *Wright*, 110 Tenn. 214, 75 S. W. 1049; *Rowlett* v. *Rowlett*, 116 Tenn. 467, 95 S. W. 821.

But it is contended on behalf of the defendant Mrs. Chrisman that the principle above announced is not applicable to the case under consideration for the reason that here no claims of creditors are involved, the contest being one between the widow and child of the deceased husband, and that the statute does not control and was not intended to apply in such cases. To determine this we must look to the purpose of the act and its effect when applied. Its purpose, as expressed in the case of *Harvey, Adm'r.* v. *Harrison*, 89 Tenn. 476, 14 S. W. 1085, is as follows:

"The primary purpose of the act was to exempt life insurance from the claims of creditors, and this is expressed in emphatic and conclusive language. The secondary purpose was to provide for the disposition of this fund. The words inserted for this subordinate intent, dissimilar from the primary object of the act, will not restrict the scope of the act in its main intent. The purpose of the enactment is clear, and this must guide in its application. It was to enable a husband to provide a fund after his death for his family."

Again, in *Rose* v. *Wortham*, 95 Tenn. 505, 511; 32 S. W. 458, 459; 30 L. R. A. 609, it is said:

It was intended by the statutes to provide a fund for the widow and children and next of kin, which, upon the assured's death, should go to them free from the claims of creditors; and, like other exemption laws, they have been liberally construed to carry out the general purpose.

In *Chrisman v. Chrisman, supra*, it is said:

The effect of the act in carrying out its obvious purpose is to remove and set apart, from the assets of the estate of the husband at the time of his death for the benefit of his widow and children, the proceeds of his life insurance, and to prevent such funds from passing into the hands of his executor or administrator. *Williams* v. *Carson et al.* and *Rison* v. *Wilkerson, supra*.

As stated in Prichard on Wills, § 628, the effect of the statute is as follows:

"Its operation is to prefer the widow and children, or next of kin, to creditors, and to prevent the fund passing into the hands of the executor or administrator as assets for the payment of debts, and to require him to distribute it under the statute."

Under the statutes of Tennessee and decisions referred to, we are of the opinion that the insurance here involved did not at any time become a part of the gross estate of the decedent receivable by the executor within the meaning of section 402 (f) but was receivable by the widow and children, or next of kin, in the same manner as if they had been specifically designated as beneficiaries therein.