**COMMISSIONER OF INTERNAL REVENUE
v. JONES.**

No. 6037.

Circuit Court of Appeals, Sixth Circuit.
Dec. 16, 1932.

F. H. Horan, of New York City (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, Wm. Cutler Thompson, C. M. Charest, and Eugene G. Smith, all of Washington, D. C., on the brief), for petitioner.

W. T. Kennerly, of Knoxville, Tenn. (Kennerly & Key, of Knoxville, Tenn. on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The question in this case is whether the proceeds of five life insurance policies aggre-

gating $18,819.58 taken out by the decedent, a resident of Tennessee, and made payable to his estate, should be included in his gross estate under the provisions of section 302 of the Revenue Act of 1924 (26 USCA § 1094 note).

The pertinent part of the statute in question is as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated— * * *

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

■ The statutes of Tennessee (Shannon's Annotated Code 1917, § 4231) provide that policies of life insurance taken out by a husband on his own life shall inure to the benefit of his widow and children, and that the proceeds from such policies in case of his death shall be "divided between them" according to the laws of distribution "without being in any manner subject to the debts of the husband." It is the settled construction of these statutes in Tennessee that where a husband takes out a policy of insurance upon his own life and dies, the proceeds cannot be appropriated by his creditors whether the policy be payable to his estate, to his widow or to his children. Dawson v. National Life Ins. Co., 156 Tenn. 306, 310, 300 S. W. 567. Likewise it is held that the insurance is not an asset of the estate, and while the executor may collect it, he merely acts as a conduit to pass it on to the statutory beneficiaries who take a vested interest at the insured's death free from claims against his estate. Rose v. Wortham, 95 Tenn. 505, 512, 32 S. W. 458, 30 L. R. A. 609; Agee v. Saunders, 127 Tenn. 680, 683, 157 S. W. 64, 46 L. R. A. (N. S.) 788; Chrisman v. Chrisman, 141 Tenn. 424, 428, 429, 210 S. W. 783.

The total insurance taken out by the decedent on his own life did not exceed $40,000. It is therefore obvious that the insurance here in question is not a part of the decedent's gross estate within the meaning of the taxing act, unless the term "receivable by the executor" be construed to mean collectible by the executor for distribution under the state statute free from the claims of the decedent's creditors and the costs of administering his estate. The Board of Tax Appeals denied

that construction in Julia S. Lucky, 2 B. T. A. 1268, and we think properly so. It seems to us that the provisions of subdivision (g) relied upon by the Commissioner are to be interpreted in the light of the purpose to be effected in excluding from the gross estate insurance in the amount of $40,000 receivable by beneficiaries other than the estate, and that when so read and interpreted insurance "receivable by the executor" means only such insurance as comes to his hands for distribution as a part of the assets of the estate subject to the claims and charges that such assets are ordinarily subjected to in the administration of an estate.

The Commissioner objects to this construction upon the ground that the state statute cannot be resorted to to fix the quantum of the estate, and he accordingly contends that the taxing act should be given the same effect as would be given it in states where insurance is an administrable asset of the decedent's estate.

■■ It is true that the state law may not control except where the express language or necessary implications of the taxing act makes its own operation dependent upon state law. Burnet v. Harmel, 53 S. Ct. 74, 77 L. Ed. —. Our decision here is not based on the state act but on the taxing act. That act deals with two classes of insurance, that receivable by the executor, and that receivable by all other beneficiaries. It includes in the gross estate all insurance of the second class in excess of $40,000. The evident purpose of excluding from the estate $40,000 of this class of insurance was to exempt from taxation insurance in that amount receivable by other beneficiaries. Considering this purpose in connection with the two distinct classes of insurance and the inclusion in the gross estate of all insurance of the second class in excess of $40,000, though such excess never reaches the hands of the executor, the term "receivable by the executor" is in our opinion to be construed as meaning receivable for administration and distribution as an asset of the estate. It is this interpretation of the taxing act that is controlling. That act does not, however, determine what property of a decedent constitutes assets of his estate subject to claims and charges against it, and necessarily that question must be determined by the laws of the place where the estate is to be administered. Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156. The law of Tennessee provides that insurance taken out by a husband upon his own life shall not be an administrable asset of his estate but

shall pass to his widow and children free from claims against the estate, and in view of that fact we think the insurance here in question must fall within that class designated by the act as receivable by beneficiaries other than the executor.

The order of the Board must be affirmed.