## BOSTON SAFE DEPOSIT & TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3342.

Circuit Court of Appeals, First Circuit. Dec. 6, 1938.

Charles M. Rogerson, of Boston, Mass. (Roger W. Hardy, of Boston, Mass., on the brief), for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., on the brief), for the Commissioner of Internal Revenue.

Before BINGHAM and WILSON, Circuit Judges, and PETERS, District Judge.

BINGHAM, Circuit Judge.

This is a petition to review an order or decision of the Board of Tax Appeals of January 14, 1938, determining a deficiency estate tax in the amount of $1,706.07, of which $1,554 is in dispute. The petitioner, a Massachusetts corporation, is the executor of the estate of Willard T. Carleton, late of Winchester, Mass., who died July 12, 1933. The facts in the case are not in dispute.

Carleton purchased insurance on his life in the amount of $124,054, payable to the "Boston Safe Deposit & Trust Company, trustee," without specifying in the policies the beneficiaries of the trust, except those to whom $19,000 thereof was payable and to whom that sum was paid. As to that we are not concerned.

The Commissioner, acting under his interpretation of Section 302 of the Revenue Act of 1926, 44 Stat. 70, 26 U.S.C.A. § 411 and of the will, included in the decedent's gross estate, for estate tax purposes, the proceeds of the policies, less the $19,000 above spoken of. Section 302 reads as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) to the extent of the interest therein of the decedent at the time of his death
* * *

"(g) To the extent of the amount receivable by the executor as insurance under policies 'taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." 26 U.S.C.A. § 411(a) (g).

It further appeared that proceeds of the policies in the sum of $105,054 were received by the Boston Safe Deposit & Trust Company, Trustee; that the decedent had made no inter vivos trust of which the Boston Safe Deposit & Trust Company was the trustee, but had set up a trust in his will for the benefit of his wife and children, of which the Boston Safe Deposit & Trust Company was named trustee, and was duly appointed as such.

The first article of decedent's will provided for the disposition of certain personal effects to his wife, Loretta N. Carleton. Articles 2 and 3 of the will read in part as follows:

"Second: All the rest, residue, and remainder of my estate, both real and personal, of every nature and description and wheresoever situated, including any property over which I may have any power of disposition, I give, devise, bequeath and appoint to Boston Safe Deposit and Trust

Company, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and having a usual place of business in Boston in said Commonwealth, in Trust, Nevertheless, to hold, manage, invest and reinvest the same and to pay over the net income thereof \* \* \* to my said wife, Loretta N. Carleton, during her life, and also to pay over to her from time to time such sum or sums out of the principal as she shall in writing request the Trustee to pay her. \* \* \*"

"Third: Upon the death of my said wife \* \* \* I give, devise, bequeath and appoint so much of the trust property as shall remain or the rest, residue and remainder of my estate as the case may be, in equal shares to my children living at the death of my wife \* \* \* and the issue living at that time of any deceased child of mine, such issue taking by right of representation; \* \* \*"

Article 4 of the will named the Boston Safe Deposit & Trust Company executor of the will and also trustee of the trust set up in the will.

It is conceded that if the balance of the proceeds of the policies in the amount of $105,054, received by the Boston Safe Deposit & Trust Company, trustee, should, due to a resulting trust, be included in the gross estate of the decedent, the deficiency tax here in question was properly assessed; but that, if said sum, by reason of the facts here disclosed, be payable to the beneficiaries named in the trust set up in the will, the $21,000, or the balance of the exemption provided for under Section 302(g), should be deducted from the $105,054 and, if deducted, the deficiency tax against the estate is $152.07.

The only question material to a determination of the validity of the tax assessed, is whether the sum of $105,054 received by the Boston Safe Deposit & Trust Company, Trustee, as a part of the proceeds of the insurance policies, was held by it for the benefit of the beneficiaries of the trust set up in the will, of which trust the Boston Safe Deposit & Trust Company was also trustee.

The Board of Tax Appeals held that the decedent did not in the policies specifically name his wife and children as beneficiaries of the proceeds of the policies or any part of them, or in terms specifically bequeath any part of their proceeds to any trust in their favor, and therefore there was "no evidence \* \* \* to identify her [or the children] as the intended beneficiary of the trust created in these policies by the decedent in his lifetime;" that, consequently, "there was a resulting trust in favor of the decedent's estate;" and they reached this conclusion "on the strength of" a prior decision of the Board in Marmaduke B. Morton, Administrator, v. Commissioner, 23 B.T.A. 236.

It is to be noted that the Boston Safe Deposit & Trust Company is named in the policies as trustee of the insurance fund and is also named in the will as trustee of the trust set up in the will, in which the wife and children are named as beneficiaries. It is also to be noted that the decedent in his lifetime made no inter vivos trust of which the Boston Safe Deposit & Trust Company was the trustee; that the only trust of which the Boston Safe Deposit & Trust Company was trustee was the one set up in the will; and that, in the second clause of the will, setting up the trust, the testator provided that the trust fund should consist, not only of all the residue and remainder of the decedent's estate, but also should include any "property over which I may have any power of disposition." It is certain that before and at the time of his death, he had the power of disposing of the $105,054, the undisposed portion of the proceeds of the policies, and that he manifested a clear intention to dispose of such balance by adding the same to the other funds included in the corpus of the trust set up in his will.

As the documents and circumstances appearing in this case disclose a clear intention on the part of the decedent to make the wife and children the beneficiaries of the trust created by the will, and to include in the corpus of that trust, for their benefit, the proceeds of the policies over which he had the power of disposition, the case stands the same as though the policies had stated that they were payable to the Boston Safe Deposit & Trust Company, trustee, under the trust set up in the will, and it once having been established that the wife and children are the beneficiaries of the trust set up in the will, the corpus of which included the proceeds of the policies, and that the executor is not, it follows that a part of the proceeds of the policies, to the extent of $21,000 (the balance of the $40,000 exemption), is exempted from the estate tax and should be deducted from the $105,054, as provided in (g).

The decision of the Board of Tax Appeals in the Morton Case, supra, upon which the Board relied in the instant case, is clearly distinguishable from the one now before us. There the policies of insurance were made payable to the Bartlett Trust Company, "trustee under the will," and the same company was named trustee of a trust set up by the decedent in his will, designating his wife, Caroline Logan, as one of the beneficiaries of the trust. But there the will, after bequeathing certain household furniture to the wife, provided that the "entire residue and remainder of the estate" should go to the trustee under the will, first to pay the debts and expenses of administering the estate and then to distribute the balance, under certain conditions, to the decedent's wife and children; and it was found that the trustee under the will received the $25,444.69, the proceeds of the insurance policies; that these proceeds were "commingled" with the other assets of the trust estate; and that $16,879.32 of such "commingled funds" were paid over by the trustee to the executor to pay administration expenses and demands against the estate. And the Board, after setting out a portion of the report of the Committee on Ways and Means disclosing its reasons for inserting for the first time in the Revenue Act of 1918, 40 Stat. 1098, § 402(f), a provision corresponding to clause (g) section 302 in the Revenue Act of 1924, 26 U.S.C. A. § 411 note held: "It therefore seems clear to us that Congress, in enacting section 302 of the Revenue Act of 1924, intended that there should be included in the gross estate of a decedent the full amount of his life insurance which after his death is subject to the payment of charges against his estate and the expenses of its administration, and which is subject to distribution as part of his estate, and that it was not the intention of Congress, in enacting subdivision (g) of that section to exempt from taxation life insurance meeting such tests, although in terms payable to some one other than the executor."

It thus appears beyond question that the Board of Tax Appeals in that case did not pass upon the question here presented, but upon an entirely different one, for it there stated that the proceeds of the policies were payable to "some one other than the executor," as they clearly were; but it held, notwithstanding that fact, that, due to other facts in the case, the corpus of the trust, embracing the proceeds of the policies, was to be treated as a part of the decedent's gross estate, it having been made subject to the payment of debts and expenses of administration, and formed a part of the gross estate, even though the proceeds of the policies included in the corpus, were made payable to the beneficiaries of the trust set up in the will, not to the executor, and those proceeds were of an amount less than $40,000.

Whether the decision of the Board in that case was correct or not we are not called on to consider, for here the trustee under the will was not directed or required to pay the debts and expenses of administering the estate out of the fund constituting the trust, for those expenses were paid by the executor of the estate out of the funds in his hands before the residue was turned over to the trustee.

We think that the decedent, by the provisions contained in the policies and the will, declared his intention that the proceeds of the policies should be held in trust for the benefit of his wife and children, and that the other facts in the case disclose the same intent and support this conclusion.

The order or decision of the Board of Tax Appeals is reversed and the case is remanded to that Board for further proceedings not inconsistent with this opinion.