**WEBSTER v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 9799.**

Circuit Court of Appeals, Fifth Circuit.

June 4, 1941.

Felix O. Rousset, of New Orleans, La., and Philip C. Gorman, of Leesburg, Fla., for petitioner.

William L. Cary, Sewall Key, and Michael H. Cardozo, IV., Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Ralph F. Staubly, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

George W. Webster died testate in Florida in 1937. He left four insurance policies in which he designated, as beneficiary, his executors, administrators, and assigns. His will made no mention of the policies, but gave, devised, and bequeathed all the rest or residue of his estate, of every nature and kind whatsoever and wherever located, to Helen Ruth Webster, her heirs, and assigns. The question presented by this appeal is whether the proceeds of the policies should be included in the decedent's gross estate and subjected to the payment of an estate tax.

Sec. 302(g) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Code, § 811(g), provides that the value of the gross estate of a decedent shall be determined by including the value, at the time of his death, of the proceeds of life insurance to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life. The determinative question then is what part, if any, of the proceeds was receivable by the executor as insurance. This petition to review is from a decision of the Board of Tax Appeals holding the entire proceeds receivable by the executor within the scope of the taxing statute.

Sec. 7065, Compiled General Laws of Florida of 1927, provides that, whenever any person dies in Florida leaving insurance on his life, the insurance shall inure exclusively to the benefit of the child or children and surviving spouse of such person in equal proportions, or to any person for whose benefit the insurance is declared in the policy, free from liability for debts owed by the insured, except when the insurance is made payable to the insured's estate and is bequeathed by him. Construing this statute, the Supreme Court of Florida has held that an insurance contract made payable to the insured's estate and not bequeathed by him is not receivable by the executor, but goes directly to those beneficiaries named in the statute. Bradford v. Watson, 65 Fla. 461, 62 So. 484; Pace v. Pace, 19 Fla. 438. The final question here is whether the proceeds of these four policies were included in the residuary clause of the will and so bequeathed by the insured. The Commissioner contends, and the Board of Tax Appeals held, that the proceeds passed under the residuary clause and were therefore receivable by the executors for distribution in accordance with the bequest.

As insisted by the taxpayer on this appeal, we think the case of Lowe v. Lowe, 142 Fla. 266, 194 So. 615, 616, controls the determination in this court of this precise question. That was a test case, brought for the purpose of having the above-cited Florida statute construed as to what constituted a bequest, and it is the most recent expression of the Florida court upon the subject. There it was held that the proceeds of insurance policies did not pass under the residuary clause of a will conveying "all the residue and remainder of my property and estate, real and personal,

wherever situated." In the case at bar the residuary clause is phrased, "All the rest and residue of my estate of every nature and kind whatsoever and wheresoever situated." The parallel between the two cases is striking, and we are content to rest our decision upon the Lowe case.

The judgment is reversed, and the cause is remanded to the Board of Tax Appeals for further proceedings not inconsistent with this opinion.