## PROUTT'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8794.

Circuit Court of Appeals, Sixth Circuit.

Feb. 7, 1942.

J. S. Allen, of Memphis, Tenn. (J. Seddon Allen, John B. Snowden, II, Allan Davis, Armstrong, McCadden, Allen, Braden & Goodman, and Snowden & Davis, all of Memphis, Tenn., on the brief), for petitioner.

Paul S. McMahon, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

On this review of a deficiency estate tax assessment, upheld by the Board of Tax Appeals, we must decide whether $40,000 of a total amount of $50,249.08 accruing from eight policies of insurance taken out by a decedent upon his own life is exempt from inclusion in his gross estate under subsection (g) of Section 302 of the Revenue Act of 1926, as amended, 44 Stat. 9, U.S.C.A. Title 26, § 411, 26 U.S.C.A. Int. Rev. Code, § 811(g). The policies were payable to his executor under the terms of the residuary clause of his will, but were devised and bequeathed to the executor as trustee to hold in trust, invest and manage for the benefit of his wife and daughter upon the trust conditions, with limitations over upon their respective deaths.

The important portion of the statute involved reads thus: "Sec. 302. [§ 811.] The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *— (a) To the extent of the interest therein of the decedent at the time of his death * * * (g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. * * *"

A kindred question was presented to this court in Commissioner of Internal Revenue

v. Jones, 6 Cir., 62 F.2d 496, 497, in which it was held that proceeds aggregating less than $40,000 from life insurance policies, payable to the insured's estate, should not be included in the gross estate as "receivable by the executor" under the Revenue Act of 1924, sec. 302(g), 26 U.S.C.A. § 1094, 26 U.S.C.A. Int.Rev.Code, § 811(g). It appeared that, by virtue of Shannon's Annotated Tennessee Code, 1917, Sec. 4231, the proceeds of a deceased husband's life insurance policies cannot be appropriated by his creditors, whether the policies be payable to his estate, to his widow, or to his children (Dawson v. National Life Ins. Co., 156 Tenn. 306, 300 S.W. 567), such insurance not being an asset of the estate; for while the executor may collect it, he acts as a mere conduit to pass it to statutory beneficiaries free from claims against the estate. Rose v. Wortham, 95 Tenn. 505, 512, 32 S.W. 458, 30 L.R.A. 609; Agee v. Saunders, 127 Tenn. 680, 683, 157 S.W. 64, 46 L.R.A.,N.S., 788; Chrisman v. Chrisman, 141 Tenn. 424, 428, 429, 210 S.W. 783.

■ The opinion recognized that state law is not controlling, except where the express language or necessary implication of the Federal taxing statute makes its own operation dependent upon state laws (Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199), and predicated decision not upon the Tennessee statute, but upon the Federal Estate Tax Act. The expression "receivable by the executor" was construed as meaning "receivable for administration and distribution as an asset of the estate." Inasmuch as the Federal statute did not determine what property constitutes assets subject to claims and charges against an estate, it was found necessary to solve that problem by the local law where the estate is to be administered. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156.

The opinion concluded: "The law of Tennessee provides that insurance taken out by a husband upon his own life shall not be an administrable asset of his estate but shall pass to his widow and children free from claims against the estate, and in view of that fact we think the insurance here in question must fall within that class designated by the act as receivable by beneficiaries other than the executor."

The Tennessee Statute (Public Acts of 1845–46, Ch. 216, Sec. 3) applied in the Jones case, supra, is also the pertinent statute in the instant case. This statute provides: "Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband." Code of Tennessee of 1932, Sec. 8456.

In the present case, the insurance policies were not payable to the insured's estate as in the Jones case, supra, but were payable to the executor of his estate and, pursuant to the insured's will, were paid over by the executor to itself as trustee, to hold in trust for the benefit of decedent's wife and daughter during their lives. The will vested in the trustee the right to encroach upon the corpus for their support and maintenance and provided that, upon the death of the daughter or the wife, if the daughter should predecease her, the entire trust estate should go in equal shares to the then living children of the daughter (absolutely, if of legal age, and in trust, if minors), or to their then living descendants, per stirpes. The will provided, further, that if, after the death of both wife and daughter, there should be no children of the daughter or descendants of such children then living, the trust estate should be paid over to named charitable and educational institutions.

■ Under Tennessee law, the difference between the situation revealed in the Jones case and that found here presents a difference without distinction in legal effect. The proceeds of the insurance policies could not be reached by creditors of the insured in either case.

In American Trust Co. v. Sperry, 157 Tenn. 43, 5 S.W.2d 957, it was held that inasmuch as the primary purpose of the Act was to enable a man to provide a fund for his wife and children, exempt from his creditors' claims, for their benefit after his death, creditors have no concern in the details of distribution among wife and children of funds derived from his life insurance, unless by apt words a clear intention is disclosed on the part of the insured to subject his life insurance to the payment of debts and expenses of his estate.

The doctrine of immunity of life-insurance proceeds from creditors' claims was extended by the Tennessee Supreme Court in Galloway v. Hardison, 166 Tenn. 135, 60 S.W.2d 155, 156. An item of the will there under construction provided: "I

desire my Executor hereinafter named to pay all of my just debts out of the first money coming into his hands from my personal estate, exclusive of the proceeds from any insurance policies on my life, and should any of my personal debts, that is all debts except those arising from partnership transactions remain unpaid in whole or in part, after the exhaustion of my personal estate (exclusive of proceeds from life insurance), then my said Executor shall apply enough of the proceeds from my life insurance to finish the payment of my said personal and individual debts." It was held that the insurance funds were not subject either to partnership obligations or to the claims of creditors generally, but only to claims of creditors of a limited class.

It was said that to divert, to the payment of debts, insurance funds exempt by law for the benefit of dependents, the intention of a testator "must be explicitly declared" or "clearly expressed in apt words." Local law exempting insurance, taken out by the insured on his own life and payable to his executor or his estate, from the claims of creditors of the insured could hardly be stronger than in Tennessee.

But the Commissioner of Internal Revenue contends that local law has nothing to do with this case; that under the express provisions of Section 302(g) of the Revenue Act of 1926, the entire amount of insurance receivable by the executor of an estate shall be included in the gross estate for the purpose of measuring the tax; that in the case at bar the proceeds of the life insurance were actually received by the executor and were included in the residue of the estate, turned over to the trustee in accordance with terms of the will; and that, therefore, the Board of Tax Appeals correctly held that, in determining the estate tax payable, these insurance funds should be included in the gross estate.

He quotes United States v. Pelzer, 312 U.S. 399, 402, 403, 61 S.Ct. 659, 661, 85 L.Ed. 913: "But as we have often had occasion to point out, the revenue laws are to be construed in the light of their general purpose to establish a nationwide scheme of taxation uniform in its application. Hence their provisions are not to be taken as subject to state control or limitation unless the language or necessary implication of the section involved makes its application dependent on state law."

The decision in that case turned on whether gifts of property in trust were gifts of "future interests" which should be denied the benefit of limited exclusion in the computation of the gift tax. Sec. 504 (b), Revenue Act of 1932, 47 Stat. 169, 247, 26 U.S.C.A. Int.Rev.Acts, page 585. The taxpayer insisted that the gifts involved were present, not future, interests as defined by the law of the state where the trust was created and was being administered; but the Court held that the gifts were "future interests" within the meaning of the Federal taxing statute and the interpretative Treasury regulations which declared that "future interests" should include any interest or estate, "Whether vested or contingent, limited to commence in use, possession or enjoyment at some future date or time." These Treasury regulations were considered "within the competence of the Treasury in interpreting Section 504(b)" and "to effect its purpose as declared by the reports of the Congressional Committees, * * *"

In the case at bar, no pertinent historical Congressional Committee interpretations or Treasury regulations have been adduced to support the position of the Commissioner. Section 302(g) of the Revenue Act of 1926 related to two classes of insurance: the one "receivable by the executor"; the other "receivable by all other beneficiaries." Reading the section as a whole, the evident intent of Congress was to exclude from estate tax computation $40,000 of insurance for other beneficiaries than the executor, who would manifestly classify as a beneficiary only for the limited purpose of administering and distributing as an asset of the estate the insurance receivable by him. The obvious underlying purpose of Congress to separate the incidence of the estate tax upon insurance within the reach of creditors from that exempt from their claims should not be ignored.

The Commissioner insists that under the provisions of the Revenue Act of 1926 it is no longer necessary that property be subject to the debts of a decedent, or to distribution as part of the estate, in order to be includable in the gross estate for taxation purposes. He concedes in his brief that had this case arisen under the prior acts as did Commissioner v. Jones, supra, and Lucky v. Commissioner, 2 B.T.A. 1268, the contention of the taxpayer

would "probably" be correct. The Commissioner attempts, however, to distinguish the instant case in that in both cited cases the gross estate was determinable by identical provisions of Section 302(a) of the Revenue Act of 1924, 26 U.S.C.A. Int.Rev. Acts, page 67, and Section 402(a) of the Revenue Act of 1921, 42 Stat. 278, respectively, directing the inclusion of the value of the property "to the extent of the interest therein of the decedent at the time of his death *which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.*" (Italics ours.)

The italicized portion of the respective sections of the 1924 and 1921 Acts above quoted was deleted from the corresponding section of the Revenue Act of 1926, Section 302(a). From that action of Congress it is contended by the Commissioner that insurance receivable by an executor under Section 302(g) of the Internal Revenue Act of 1926 is includable in entirety in the gross estate for taxation, regardless of whether the insurance is subject to the debts of the decedent, or not.

It would seem that Section 302 (a) of both the 1924 and 1926 Acts refers to real estate and personal property exclusive of life insurance, for the reason that Section 302(g) deals separately and specifically with such insurance. Therefore, the amendment of Section 302(a) is not reasonably to be construed as intended to change or affect the meaning of the separate provisions of Section 302(g). The long life of the section strengthens this inference. "Section 302(g) first appeared in identical language in the Revenue Act of 1918 as § 402(f). 40 Stat. 1057, 1098. It has never been changed." Helvering v. Le Gierse, 312 U.S. 531, 538, 61 S.Ct. 646, 648, 85 L.Ed. 996. Had Congress intended to effectuate a change in the meaning of the section, it could easily have done so by express amendment. Amendment by implication should not be assumed, unless clearly indicated from the context.

Allen v. Henggeler, 8 Cir., 32 F.2d 69, cited by the Commissioner, is not in point. The taxability of life insurance was not involved or discussed. But Webster v. Commissioner, 5 Cir., 120 F.2d 514, 515, cited by the petitioner, does have interpretative bearing here; for the question presented was whether proceeds of insurance policies, in which the insured designated his executors, administrators and assigns as beneficiary, were receivable by the executor where the will of the insured, without specifying insurance, passed the rest and residue of his estate to a named beneficiary. Finding that under Florida law as construed by the State Supreme Court the proceeds of such insurance policies went directly to beneficiaries named in the statute and did not pass under the residuary clause of the will, the Court of Appeals for the Fifth Circuit held that the insurance was "not receivable by the executor" for inclusion in the insured's estate for taxation under Section 302(g) of the Revenue Act of 1926.

That the controlling test of exemption under Section 302(g) is the determination of the actual beneficiary intended by the insured is supported by Boston Safe Deposit & Trust Co. v. Commissioner of Internal Revenue, 1 Cir., 100 F.2d 266, 268.

The language of Mr. Justice Murphy in Helvering v. Le Gierse, supra, 312 U.S. at page 540, 61 S.Ct. at page 649, 85 L.Ed. 996, seems significant: "Implicit in this provision [Sec. 302(g) of the Revenue Act of 1926] is acknowledgment of the fact that usually insurance payable to specific beneficiaries is designed to shift to a group of individuals the risk of premature death of the one upon whom the beneficiaries are dependent for support. Indeed, the pith of the exemption is particular protection of contracts and their proceeds intended to guard against just such a risk."

The decision of the Board of Tax Appeals is reversed and the cause is remanded with direction to allow the exemption claimed in the petition, and for further proceedings in conformity with this opinion.