### UNITED STATES v. FIRST NAT. BANK & TRUST CO. OF MINNEAPOLIS et al.
### No. 12392.

Circuit Court of Appeals, Eighth Circuit.

Feb. 23, 1943.

Paul S. McMahon, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Edward First, Sp. Assts. to the Atty. Gen., and Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellant.

John W. Windhorst, of Minneapolis, Minn. (Leland W. Scott and Fletcher, Dorsey, Barker, Colman & Barber, all of Minneapolis, Minn., on the brief), for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment against the United States in favor of plaintiffs, appellees, in a suit to recover $1,481.-30 with interest and costs allegedly illegally assessed as estate taxes and paid under protest by the executors of the estate of Eilef Smedal, deceased.

The facts are not in dispute. The decedent died testate domiciled in Wisconsin on January 30, 1938. At the time of his death he was insured under nine life insurance policies of the total value of approximately $35,000. The issue is whether four of these policies were properly included in the decedent's gross estate. The four policies involved in the controversy were issued by the following companies and were of the following matured values at the time of decedent's death:

| Name of Company. | No. of Policy. | Amount of Proceeds. |
| --- | --- | --- |
| Aetna Life Insurance Company | 317927 | $10,000.00 |
| Aetna Life Insurance Company | 557960 | 10,058.78 |
| Metropolitan Life Ins. Co. | 4248454–A | 5,090.27 |
| New York Life Ins. Company | 8794489 | 5,682.32 |
|  |  | $30,831.37 |

In June and July, 1937, the decedent changed the name of the beneficiary in each of the four policies, naming the "First National Bank & Trust Company, Minneapolis, Minnesota, as Trustee, under the last Will and Testament of the insured", or, as stated in two of the policies, "under Trust Agreement Dated May 27th, 1937."

The decedent had previously executed his will on May 27, 1937. He made no specific reference in his will to the proceeds of the four insurance policies, but bequeathed $40,000 and the residue of his estate, after deducting certain specific bequests, to the First National Bank and Trust Company of Minneapolis, Minnesota, in trust for the benefit of his wife and daughter.

Upon the death of the decedent his will was probated at La Crosse, Wisconsin, and the First National Bank and Trust Company qualified as one of the executors. The proceeds of the Aetna policies were made payable to the First National Bank and Trust Company of Minneapolis, as trustee, and the checks therefor were endorsed by the bank as executor. Checks for the proceeds of the Metropolitan and New York policies were payable in the same manner but these companies refused to accept the endorsement of the bank as executor of the decedent. The bank therefore qualified in a Minneapolis, Minnesota, court as trustee under the decedent's will, endorsed the policies as such, and the companies paid on that endorsement. The proceeds of the two Aetna policies were included in the inventory, and also in the final account of the executors. The proceeds of the New York and Metropolitan policies were not at first included in the inventory of the estate nor in the final account of the executors as originally filed in the County Court of La Crosse, Wisconsin. However, that court directed the executors so to include these proceeds; and they then filed a supplemental final account which included the proceeds of the New York and Metropolitan policies.

None of the proceeds of the four policies was used to pay debts or costs of the estate, and all of the residue, including the claimed right to a refund of the estate taxes, was transferred to and received by the trustees named in the will in compliance with the decree of distribution of the probate court of Wisconsin.

The question presented for determination is whether the proceeds of life insurance policies payable to the trustees of a testamentary trust created for the benefit of the insured's wife and daughter come within the $40,000 exemption granted by § 302(g) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A. Int.Rev.Code, § 302(g).

The statute reads:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*    \*    \*    \*    \*    \*

"(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. \*  \*  \*"

The narrow question for solution is whether the proceeds of the four policies

are "receivable by the executor" of decedent's estate or by "other beneficiaries" within the meaning of § 302(g), supra.

The trial court found for the plaintiffs, holding that the proceeds of the life insurance policies were not receivable by the executors of the insured's estate but by "other beneficiaries", namely, the insured's wife and daughter. The court observed in its opinion that under the Wisconsin statutes insurance proceeds are exempt from claims of the insured's creditors or representatives (Wisconsin Statutes 1937, §§ 246.09, 272.18), and that the ultimate fact is clear that the insured intended that his wife and daughter should be the beneficiaries, and not the executor.

The government contends that (1) the decision is inconsistent with the legislative intent, (2) is based upon an unsatisfactory explanation of the Congressional reason for the $40,000 exemption, and (3) the proceeds of the insurance policies were payable to the beneficiaries by virtue of a testamentary disposition, and not by virtue of an inter vivos trust.

We need not review the legislative history of § 302(g) of the Act for the purpose of determining the Congressional intent. That has been done by the Supreme Court in Helvering v. Le Gierse, 312 U.S. 531, at page 540, 61 S.Ct. 646, at page 649, 85 L.Ed. 996, where it is said: "Implicit in this provision [§ 302(g)] is acknowledgment of the fact that usually insurance payable to specific beneficiaries is designed to shift to a group of individuals the risk of premature death of the one upon whom the beneficiaries are dependent for support. Indeed, the pith of the exemption is particular protection of contracts and their proceeds intended to guard against just such a risk." Citing authorities. That such was the intent and design of the insured in this case is as manifest as it would be had he named his wife and daughter beneficiaries in the policies instead of naming a testamentary trustee to receive the proceeds of the insurance for their benefit.

Trust estates including the proceeds of life insurance policies and created by contract or will for the benefit of widows and children are not unusual. The effect of such an arrangement under § 302 (g) is covered by regulation. In Article 27 of Treasury Regulations 80 (1937 edition) it is provided that "The word 'bene-ficiaries', as used in reference to the $40,000 exemption, means persons entitled to the actual enjoyment of the insurance money."

The government does not contend that the wife and daughter are not entitled, under the means employed by the insured, to the actual enjoyment of the insurance money. This being true, it follows that by application of the statute, as construed by the Supreme Court, and of the applicable regulation, the wife and daughter, and not the executor, are the beneficiaries within the meaning of § 302(g).

Here, by virtue of the statutes of Wisconsin and of the decree of the Wisconsin court in whose jurisdiction the will was probated and under whose authority the estate was administered, the proceeds of the insurance were turned over to the trustee named in the policies for the benefit of the widow and daughter of the insured as provided in the will. In our opinion no reasonable construction of § 302(g) would warrant a holding that these proceeds were "receivable by the executor."

Any further discussion of the case would extend this opinion unnecessarily. Our conclusion is supported by able opinions of the 1st, 5th and 6th Circuit Courts of Appeals in cases arising under the same statute and in which the facts are similar. See Proutt's Estate v. Commissioner, 6 Cir., 125 F.2d 591; Webster v. Commissioner, 5 Cir., 120 F.2d 514; Boston Safe Deposit & Trust Co. v. Commissioner, 1 Cir., 100 F.2d 266; Commissioner v. Jones, 6 Cir., 62 F. 2d 496. See, also, Lucky v. Commissioner, 2 B.T.A. 1268.

The judgment appealed from is affirmed.

WOODROUGH, Circuit Judge (dissenting).

The government's position in this case, as stated in its brief, is, "The government's position is that the proceeds of life insurance policies are 'receivable by the executor' where the payee is the executor, or administrator, or testamentary trustee, and where the beneficiaries are only determined by reference to the decedent's will or to the laws of intestacy, and that life insurance proceeds are 'receivable by all other beneficiaries' where the payee is not the executor, or administrator, or testamentary trustee, and where the beneficiaries are determined solely by reference to

a specific inter vivos designation which is not related to the decedent's will."

As I am thoroughly persuaded that the position so stated is sound, I would reverse.