Joseph A. Cox, S.
The decedent died in December, 1953 leaving a will under which his widow is the sole beneficiary. The order fixing the New York estate tax allowed a maximum marital deduction of approximately $148,000 pursuant to paragraph (h) of subdivision 4 of section 249-s of the Tax Law. Included in the adjusted gross estate was insurance in excess of $100,000 but none of the insurance was required to fund the marital deduction. The executors contend that the estate is entitled to an insurance exemption of $100,000 under section 249-q of the Tax Law and because such exemption was not allowed in the taxing order the executors have appealed from that order.
Section 249-q of the Tax Law provides that any tax imposed by section 249-n on the net estate not in excess of $150,000 shall not be payable with respect to (a) the amount not exceeding $20,000 vested in any surviving spouse less the amount allowed as a marital deduction; (b) certain amounts vested in other named relatives, and (c) particular amounts of insurance proceeds. It is the interpretation of paragraph c of the section that is involved in this appeal. The pertinent statutory language reads: “c. So much of the amount required to be included in the gross estate under the provisions of paragraph numbered nine of section two hundred forty-nine-r of this chapter as does not exceed (1) in the case of insurance receivable by a surviving spouse, one hundred thousand dollars less the aggregate of any exemptions allowable under paragraphs a and b of this section and any deduction allowable under paragraph four of section two hundred forty-nine-s of this chapter * * *. No exemption shall be allowed under this paragraph with reference to insurance receivable by a surviving spouse for which a deduction is allowed under paragraph four of section two hundred forty-nine-s of this chapter. If the deduction allowed under said paragraph is limited by subparagraph (h) thereof to less than the value of all interests in property which qualify therefor, it shall be deemed to have been allowed for insurance receivable by the surviving spouse only to the extent that it exceeds the value of all such interests in other property.” (L. 1952, ch. 206.)
The first sentence in the quoted text is a statement to the effect that any insurance exemption available in this estate may not exceed $100,000 less the amount of the marital deduc *541 tion. Here the marital deduction exceeds $100,000 and consequently by the plain intendment of this sentence of the statute, an insurance exemption is not available.
It is contended, however, that the further language of paragraph c modifies the first sentence in a manner to confer an exemption in the situation here existing. The second and third sentences in the quoted statutory text obviously were intended to amplify the initial sentence and to explain its application in particular fact situations but an unfortunate choice of verbiage, some confusion of thought and an especially indifferent employment of the impersonal pronoun make this portion of the statute vulnerable to attack as ambiguous. Nevertheless it is the opinion of the court that the legislative purpose was to grant an insurance exemption only in the event that the enumerated non-insurance exemptions and the marital deduction do not aggregate $100,000. It would not appear that the amendment to the statute that was effected by chapter 206 of the Laws of 1952 was intended to create an exemption not theretofore permitted (Cf. Matter of Pierce, Surrogate’s Ct., Monroe County, Nov. 23, 1953).
If ambiguity and lack of clarity exist in the statute, and it cannot be gainsaid that they do, such defects do not balance the scales on the side of the executor but, quite to the contrary, there is imposed upon them the burden of demonstrating that • the exemption is not a doubtful one and is one definitely granted. Until such burden has been met any doubt is to be resolved in favor of the taxing power (County of Herkimer v. Village of Herkimer, 251 App. Div. 126, affd. 279 N. Y. 560; Matter of Francis, 121 App. Div. 129; Matter of Deutsch, 107 App. Div. 192; Matter of Rothfeld, 163 Misc. 11; Matter of Mead, 145 Misc. 893).
The appeal is denied. Submit decree on notice.