Christopher C. McGrath, S.
This is an appeal from a pro forma order made and entered on April 5, 1963 assessing the tax in this estate in the amount of $424.08. The taxing order allowed the surviving spouse a marital deduction in excess of $20,000 pursuant to the provisions of subdivision 3 of section 249-s of the Tax Law. The pertinent provisions of this section read as follows:
“Net Estate: * * *
“3. (a) An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. * * #
“ (h) The aggregate amount of the deductions allowed under this paragraph, computed without regard to this subparagraph, shall not exceed fifty per centum of the value of the adjusted gross estate. The adjusted gross estate shall, for the purposes of this subparagraph, be computed by subtracting from the entire value of the gross estate the aggregate amount of the deductions allowed by paragraph one of this section.”
It is the contention of counsel for the surviving spouse that in addition to the marital deduction which he received in this estate, the surviving spouse should have been allowed a personal *541 exemption of $20,000 pursuant to section 249-q of the Tax Law. The pertinent provisions of this section read as follows:
“ Exemptions.
“ Any tax on the amount of the net estate not in excess of one hundred fifty thousand dollars imposed by section two hundred forty-nine-n of this article shall not be payable with respect to
“ a. The amount of the net estate transferred to and indefensibly vested in a husband or wife, not exceeding twenty thousand dollars less the amount of any deduction allowed under paragraph numbered three of section two hundred forty-nine-s of this chapter.” (Italics added.)
The difference of opinion in this case centers around the interpretation of the italicized language in the last paragraph. The 'State Tax Commission takes the position that if the marital deduction exceeds $20,000 then the surviving spouse is not entitled to the personal exemption under subdivision a of section 249-q. Counsel for the surviving spouse insists, however, that the correct interpretation of the sections involved herein clearly permits both a marital deduction and a personal exemption.
An examination of the underlined language in the pertinent provisions of section 249-q of the Tax Law leads the court to the conclusion that a surviving spouse is entitled to take either the marital deduction under section 249-s or the exemption under section 249-q, whichever is more advantageous to the surviving spouse. This court is of the opinion that there is nothing in the statutes involved herein which entitles the surviving spouse to both a marital deduction and an exemption of $20,000. The court believes that any other interpretation of the italicized language in section 249-q of the Tax Law above set forth would render those words meaningless and would result in a distortion of the plain intent of the questioned language.
One additional contention by counsel for the surviving spouse requires comment. He asserts that since the estate tax is a special tax, the statute which imposes it must be strictly construed in favor of the taxpayer and against the State. This argument presupposes that the statutes in question are susceptible of more than one construction. That is not the situation present here. But assuming, and by no means conceding, that there is ambiguity and lack of clarity in the statutes in question, the burden of demonstrating that the surviving spouse is entitled to a personal exemption in addition to the marital deduction is upon the surviving spouse. He has not met that *542 burden and until that burden has been met, any doubt, and this court believes none exists, must be resolved in favor of the taxing power (Matter of Aronson, 7 Misc 2d 539 and cases cited).
Accordingly, the appeal is denied.