The issue presented requires the court to construe subdivision c of section 249-q of the Tax Law. This section provides:
‘ ‘ Any tax on the amount of the net estate not in excess of one hundred fifty thousand dollars imposed by section two hundred forty-nine-n of this article shall not be payable with respect to # * *
11 c. So much of the amount required to be included in the gross estate under the provisions of paragraph numbered nine of section two hundred forty-nine-r of this chapter as does not exceed (1) in the case of insurance receivable by a surviving spouse, one hundred thousand dollars less the aggregate of any exemptions allowable under paragraphs a and b of this section and any deduction allowable under paragraph three of section two hundred forty-nine-s of this chapter, and (2) in the case of insurance receivable by other beneficiaries, one hundred thousand dollars less the aggregate of any exemptions allowed under all the foregoing provisions of this section and either the amount of any deduction allowable under paragraph three of section two hundred forty-nine-s of this chapter or twenty thousand dollars, which ever is less. No exemption shall be allowed under this paragraph with reference to insurance receivable by a surviving spouse for which a deduction is allowed under paragraph three of section two hundred forty-nine-s of this chapter. If the deduction allowed under said paragraph is limited by sub- *422 paragraph (h) thereof to less than the value of all interests in property which qualify therefor, it shall be deemed to have been allowed for insurance receivable by the surviving spouse only to the extent that it exceeds the value of all such interests in other property.”
The State Tax Commission has allowed an insurance exemption for insurance receivable by the surviving spouse in the sum of $9,873.26. It arrived at this figure by subtracting the entire marital deduction together with the other noninsurance exemptions from the $100,000 insurance exemption allowed under this section.
The executors take the position that the last sentence of subdivision c of section 249-q is to be read together with the first sentence of the section in such a way as to require the subtraction of only that amount of the marital deduction “ deemed to have been allowed for insurance” (plus the noninsurance exemptions) from the $100,000 insurance exemption.
The court cannot accept the construction of subdivision c of section 249-q urged by the executors. Although the language employed in the section may not be altogether clear, still a consistent and equitable plan for insurance exemptions has in the court’s opinion, been spelled out by the Legislature.
Subdivision c of section 249-q sets forth a program of allowable insurance exemptions with definite limitations. It permits an insurance exemption for insurance receivable by the surviving spouse up to a maximum of $100,000. From this maximum figure must be subtracted the aggregate of the entire marital deduction and the personal exemptions allowed to persons other than the spouse. The last two sentences of the section impose an additional limitation. The next-to-last sentence bars any insurance exemption for insurance for which a deduction has been allowed as part of the marital deduction. The effect of the last sentence is to modify the next-to-last sentence by alleviating its rigors in the special situation where the marital deduction is limited to 50% of the adjusted gross estate. It makes available for the insurance exemption so much of the insurance as has not been deemed allowed as part of the marital deduction.
This construction of subdivision c of section 249-q is consistent with the only judicial construction of this secton which has been called to the court’s attention. (Matter of Aronson, 7 Misc 2d 539.) Support for this construction is found in Warren’s Heaton, Surrogates’ Courts (vol. 6, § 17.07, par. [5]); and Harris, Estates Practice Guide (vol. 2, § 531).
*423 Subsequent to the date of death of the within decedent, a new statute defining the insurance exemption (Tax Law, § 958) became effective. This new statute clearly would not permit the result sought by the executors, and they have seized upon this change of statute as proof that their construction of the former statute (§ 249-q, subd. c) must be correct, arguing that a change of result must have been intended. It is true that the language of the new statute is different, but the legislative memorandum set forth in McKinney’s 1962 Session Laws of New York (p. 3546), states, in commenting on section 958: “ The personal exemptions under the present Article 10-C have been restated in the interest of clarification.” The appeal is denied.