A. Franklin Mahoney, S.
This is an appeal from the pro forma order fixing the New York estate tax in this matter in the sum of $2,419.19. Said order was made and entered on June 27, 1966.
In that order an insurance exemption in the amount of $43,899 was allowed. The Tax Commission takes the position that the insurance credit was excessive. The issue was joined in the following manner.
On March 31, 1932, the deceased created an inter vivos trust whereby he delivered over to his wife, Helen Phelan, and the National Commercial Bank and Trust Company of Albany, as trustees, certain policies on his life payable to the trustees. The terms of the trust granted a life tenancy to Helen Phelan and the remainder to the settlor’s children. Decedent died on April 12, 1965 and $43,899 of insurance proceeds was paid into the trust. Thereafter, a New York estate tax return was filed wherein a marital deduction in excess of $100,000 was allowed and, further, an insurance exemption for the full amount of the insurance proceeds, payable to the trustees, was also allowed.
The appellant Tax Commission obtained a certificate of valuation from the Insurance Department of the State wherein the life estate of the widow, at age 68, was evaluated at $13,060 and the interests of the remaindermen at $30,839. The latter amount, payable after death of the life tenant to the remaindermen, is concededly payable to one other than the spouse and, as indicated below, is exempt from taxation. (Tax Law, § 958, subd. [b], par. [4].) The surviving spouse’s evaluated interest is the subject of this appeal, it being the contention of the State that the widow is the “ beneficiary ” of her evaluated interest while the position of the respondent estate is that since the proceeds are payable to trustees with the vested remainder payable to the decedent’s issue, they are, in fact, payable to one “ other than a surviving spouse ” and, accordingly, exempt. (Tax Law, § 958, subd. [b], par. [4].)
Section 958 (subd. [b], par. [3]) of the Tax Law provides that the proceeds of insurance on the life of a decedent receivable by a surviving spouse and includible in the New York gross estate, but not qualified or used to compute the marital deduction, are exempt to the extent that such credit does not exceed $100,000 less the sum of the spouse’s personal exemption of $20,000 and *744 the allowable marital deduction. Paragraph (4) of subdivision (b) of the same section, however, confers an insurance exemption on proceeds payable to one “ other than a surviving spouse ’ ’ to the extent of the excess of $100,000 over the personal exemption of the surviving spouse or the marital deduction, whichever is less.
In this matter no insurance proceeds were qualified or used to compute the marital deduction. Consequently, it is readily apparent that if the proceeds of the insurance were payable to the surviving spouse no exemption could be permitted since her marital deduction exceeds $100,000. (Matter of Aronson, 7 Misc 2d 539.) However, if the policies are payable to someone “ other than a surviving spouse ” the provisions of section 958 (subd. [b], par. [4]) would be applicable and the estate would be entitled to a credit equal to the surviving spouse’s interest in the corpus of the insurance trust, since the $43,899 would not exceed $100,000 less the surviving spouse’s personal exemption under section 958 (subd. [b], par. [1]).
The genesis of the word ‘ ‘ beneficiary ’ ’ and the intention of the Legislature in employing that word, together with its ordinary connotations, in section 958 of the Tax Law, are determinative of this question. To sustain the position of the respondent would require an equation of the word “beneficiary” with “title”, “vesting”, “fee” or “ownership”. The word, in my view, has no such meaning or import, particularly as used in the Tax Law. Certainly, the trustees, one of whom is the surviving spouse, cannot be said to be the beneficiaries even though the proceeds of the policies were payable directly to them. (Matter of Davis, 46 Misc 2d 490.) The remaindermen, on the other hand, are beneficiaries because their rights vested at testator’s death and cannot be divested. It follows, therefore, that while a holder of a vested interest or a fee owner can be a beneficiary no such permanency of interest is required. It is enough, to be a beneficiary, to be the donee of an interest that is beneficial in the sense that it is useable or enjoyable. No permanent or lasting interest is required.
That such was the intention of the Legislature in enacting article 26 of the Tax Law is evident from the fact the New York Estate Tax Law was fashioned after the Federal law. (Matter of Meyer, 51 Misc 2d 397 and cases cited therein at foot of p. 398.) Our courts must follow Federal tax determinations. It is now a statutory mandate. (Tax Law, § 961.) It follows, therefore, that Federal precedents are an important, if not exclusive, reference in any attempt to glean legislative intent. In the case of United States v. First Nat. Bank (133 F. 2d 886) proceeds *745 of life insurance were payable to executors as trustees for benefit of insured’s wife and daughter. The question was whether the wife and daughter as income beneficiaries of the trust were, in fact, beneficiaries of the policies despite the fact the proceeds were payable to the executors. The court held they were beneficiaries both within the intent of Congress and of the testator since they were entitled to the actual enjoyment of the money.
Similarly, in this matter, to the extent that the surviving spouse has an actuarial interest in the corpus of the insurance trust she has a beneficial interest which under the terms of section 958 (subds. [4], [3]) is taxable, since her interest is payable to ‘ ‘ a surviving spouse ’ ’ who has exceeded the limitations by claiming a marital deduction in excess of $100,000.
Accordingly, the order appealed from is reversed to the extent that said order shall delete the interest of Helen Phelan from the insurance exemption.