John D. Bennett, S.
The executrix appeals from the pro forma order fixing the estate tax on the grounds that the New York State Tax Commission allegedly failed to allow a full insurance exemption.
The adjusted gross estate amounted to approximately $186,000. The marital deduction was approximately $93,000. There were more than enough noninsurance funds to distribute to the decedent’s surviving spouse to satisfy the marital deduction. In addition to said amount she received insurance proceeds in the amount of $57,297.62.
The executrix contends that since the insurance funds were not necessary in satisfying the marital deduction, she should be allowed a full insurance exemption pursuant to section 958 (subd. [b], par. [3]) of the Tax Law. It is the executrix’ contention that, in the last sentence of section 958 (subd. [b], par. [3] ), where the statute directs that the amount of the insurance exemption should be reduced by the amount of the marital deduction, the legislators intended that to mean only those insurance proceeds which were necessary to satisfy the marital deduction.
A like contention was made concerning subdivision c of section 249-q of the Tax Law which deals with estates of decedents dying prior to April 1, 1963, and the position of the executors *457 therein was not sustained (Matter of Aronson, 7 Misc 2d 539; Matter of Barlow, 46 Misc 2d 421).
Surrogate Frank D. Paulo stated in Matter of Barlow (supra) that the new statute to which the within estate is subject clearly would not permit the results sought by the executrix. The Surrogate, in effect, stated that if there was any ambiguity in the prior statute it has now been clarified.
The court finds that the insurance exemption is not allowed where the marital deduction exceeds $100,000 (Matter of Aronson, supra; Matter of Barlow, supra; 2 McKinney’s 1962 Sess. Laws of N. Y., 3546, 3547; 2 Harris’ Estates Practice Guide [3d ed.], § 659), and that the last sentence of section 958 (subd. [b], par. [3]) of the Tax Law represents the entire marital deduction and not a part thereof.
The burden of proving the statute unconstitutional rests with the executrix and she has failed to demonstrate that the statute violates the Fourteenth Amendment of the United States Constitution (Lawrence v. State Tax Comm., 286 U. S. 276). The statute simply allows insurance exemptions, provided, among other criteria, that the insurance exemption, coupled with the marital deduction, may not exceed $100,000.
Accordingly, the appeal is denied.